## Wall's Administrators *versus* Fife.

*Valid submission to Arbitrators.—Amicable Action.—Effect of a Trial on several pleas.—Contribution by Joint Promissors.*

1. An agreement, submission to arbitrators and an award under the Act of 1836, is not entitled to entry on the docket of the prothonotary without the affidavit required by the Act: but when entered, the judgment entered thereon is not void, but voidable, and, until avoided, is valid. In an action upon the judgment, therefore, the plea of "*nul tiel record*" was properly overruled.

2. But an amicable action, with an agreement that the prothonotary should enter judgment therein for the sum found by the arbitrators, substantially carried into effect, is not a submission, within the 1st and 2d sections of that Act, nor is the judgment thereon invalid.

3. Where there are several pleas to the country, with the plea of *nul tiel record*, and the parties go to trial, generally it will be presumed here that the issues were respectively decided by the proper tribunal.

4. Where two bought a mill jointly, and not as partners, and gave joint notes for the purchase-money, the funds of the firm afterwards received were held not to be applicable to the share each one was bound to pay, and that the court below were right in refusing to charge that the possession of the notes by one of the partners created no liability for contribution.

ERROR to the District Court of *Allegheny county.*

[Wall's Administrators v. Fife.]

This was a *scire facias sur* judgment, No. 638, July Term 1852, brought by Andrew Fife against John Patterson, administrator of James Wall, in which the widow and heirs of the deceased were also made defendants. The writ recited a judgment recovered July 13th 1852, by Andrew Fife against John Patterson, administrator of James Wall, for $278.08. The defendants pleaded *nul tiel record*, statute of limitations, *non assumpsit*, no set-off in original action, and payment with leave, &c. On the trial the plaintiff offered in evidence,

1. Docket entry, in the District Court of Allegheny county, to July Term 1852, No. 638, as follows :—

JOHN PATTERSON, administrator }    No. 638, July Term, 1852.
  of James Wall, deceased,       }       Amicable action in Case.
          *v.*              }       Plaintiff's claim, $500.00.
  ANDREW FIFE.                   }

And now, July 13th 1852, per writing filed, all matters in controversy referred to Matthew Henderson, Col. James Scott, and William Douglass, whose award or that of a majority, when made in writing, shall have the same effect and force as if the same had been made in pursuance of a rule of said court; and that this submission be made a rule of said court, and that judgment shall be entered thereon by the prothonotary. Referees award in favour of the defendant, the sum of $278.08, and costs. Judgment.

2. Submission in the District Court of Allegheny county.

JOHN PATTERSON, administrator }    No.     of July Term 1852.
  of James Wall, deceased,       }       Amicable action in Case.
          *v.*              }       Plaintiff's claim, $500.00.
  ANDREW FIFE.                   }

And now, to wit, June 26th 1852, it is agreed that an amicable action be entered as above, and that all matters in controversy between the said parties be submitted to Matthew Henderson, Col. James Scott, and William Douglass, referees, whose award, or that of a majority of them, when made in writing, and filed, shall have the same force and effect as if the same had been made in pursuance of a rule of said court; and it is further agreed, this submission be made rule of said court, and that judgment shall be entered thereon by the prothonotary.

Referees to meet on the 29th June, instant, with power to adjourn.

Witness our hands and seals,

Test—                                    JOHN PATTERSON, [L. S.]
  WILLIAM MILLER,                   ANDREW FIFE.    [L. S.]
  NELSON WEDDLE.

[Wall's Administrators *v.* Fife.]

3. Award.—June 29th, arbitrators met at the house of A. Fife, and after organizing according to law, proceeded to hear the parties, allegations, and witnesses, and adjourned to meet July 2d.

July 2d, arbitrators met according to adjournment, and heard further testimony and allegations, and examined the books produced by the parties; and having been first duly sworn, and having heard the proofs and allegations of the parties, and examined the matters in controversy by them submitted, do make this award in writing, that is to say: We find for the *defendant* the sum of $278.08, and costs.

In witness, &c., July 2d 1852.

MATTHEW HENDERSON,
JAMES SCOTT,
WILLIAM DOUGLASS.

(Endorsed).    Filed July 10th 1852.

The court having given judgment in favour of plaintiff as administrator on the plea of *nul tiel record*, a jury was called in the case; whereupon the plaintiff again offered in evidence the same record, and also three promissory notes drawn by Andrew Fife and James Wall, dated April 21st 1843, which he proved had been given for half of a mill which they had purchased, and which he had paid in full, admitting that they had carried on the mill together as partners, Wall being the miller, and entitled to one-half the profits.  On these notes the plaintiff claimed contribution.

The defendant's counsel requested the court to charge the jury, that joint notes will be presumed to be paid with joint funds where there are any to pay with; and that as Fife & Wall had been joint owners of the mill and partners in the mill business, the law will presume a payment with joint funds, and that possession in such cases creates no presumption of liability for contribution.

The court below (HAMPTON, P. J.) declined so to charge, but instructed the jury that the plaintiff was entitled to recover on the notes for contribution.  The jury found for plaintiff $400.40; and judgment having been entered thereon, the defendants sued out this writ, assigning for error the following matters, viz.:—

The court erred: 1. In entering judgment for plaintiff on the plea of *nul tiel record*.

2. In refusing to charge the jury as requested by defendant's counsel, that the joint notes would be presumed to be paid with the joint funds, where there are any to pay with; and the plaintiff Fife, and Wall, having been joint owners in the mill and partners in the mill business, the law will presume that the joint notes were paid with the joint funds.

[Wall's Administrators v. Fife.]

3. In refusing to charge that the possession of the notes in such cases creates no presumption of liability for contribution.

4. In entering judgment on the verdict against all the defendants, without a judgment against the widow and heirs on the plea of *nul tiel record.*

*C. Hasbrouck*, for plaintiff in error.—The original judgment was void. There was no affidavit as required by the Act of 1836, §§ 1 and 2, as also by Act of 21st March 1806, to authorize its entry on the record. The submission is dated June 26th 1852; the award endorsed is July 2d 1852, filed July 10th 1852: White *v.* Shriver, 2 Watts 471; Massey *v.* Thomas, 6 Binn. 336; Stokely *v.* Robinson, 10 Casey 316.

The submission did not authorize an award for defendant. It was confined to the claim of the plaintiff.

The award being for defendant, and not under § 6 of the Act of June 16th 1836, nor approved by the court, the judgment entered was not *quod recuperet* as recited in the *scire facias*: Ramsay's Appeal, 2 Watts 230.

The judgment on the plea of *nul tiel record* was in favour of plaintiff as administrator, and by inference in favour of the widow and heirs, yet on the verdict it is general against all the defendants.

This plea was by all the defendants, and should have been passed on as to all; if submitted as to the widow and heirs, the judgment on the verdict was erroneous.

The instruction prayed for as to the notes, was in accordance with the law governing contracts as between partners.

*Penny & Sterrett*, for defendants in error.—The judgment in this case can be sustained on authority: Cook *v.* Gilbert, 8 S. & R. 567; Herman *v.* Freeman, 8 S. & R. 9; Gallup *v.* Reynolds, 8 Watts 424.

It does not appear that the parties intended to be governed by the Act of 1836 in this submission. It is not referred to. The award can be sustained, if necessary, under the Act of 1705: Herman *v.* Freeman, 8 S. & R. 9; Book *v.* Edgar, 8 Watts 31; McAdams *v.* Stittnell, 1 Harris 90; Gallup *v.* Reynolds, 8 Watts 424.

The instruction as to the notes was correct. To say that the law presumes joint notes to have been paid with joint funds, without evidence that the person alleging payment had such joint funds, would require a plaintiff to prove negatively that he had none, before he could make out a *primâ facie* case. As to the disposition made of the plea of *nul tiel record*, it was strictly by the administrator alone, but the objection is valueless after a

[Wall's Administrators *v.* Fife.]

verdict and judgment on the merits: Baxter *v.* Graham, 5 Watts 418.

The opinion of the court was delivered, January 7th 1861, by THOMPSON, J.—There are two answers to the first assignment of error, either of which seems to show its invalidity.

1. The judgment offered in evidence was not void, even if there was an omission to file the affidavit required by the Act of 1836. It is true the agreement and submission are not entitled, as a matter of right, to entry on the docket by the prothonotary, without the affidavit; but when entered no case has said that the judgment was void. It may be voidable, but until it is avoided, it stands as a valid judgment. If the defendant is not content with it, as was said in Herman *v.* Freeman, 8 S. & R. 9, he should have moved to strike it off. There being no want of jurisdiction in the arbitrators, or the court, of the subject-matter in controversy, or the parties, everything was right, excepting, as is insisted on, in matter of form. This left the judgment voidable, but not void. And as the record exhibited a judgment in full force and unreversed, the court did right in overruling the plea of *nul tiel record*. This is considering the award under the Act of 1836.

2. But I do not see anything that certainly brings the submission within the 1st and 2d sections of that act, or that the judgment should be denied validity, because it was not so. It seems to have been an amicable action, and an agreement that the prothonotary should enter judgment therein, for whatever sum the arbitrators named should report. Substantially, this was done. The arbitrators filed their award, and the prothonotary entered judgment thereon. It was competent for the parties to enter on record an amicable action. This will not be denied. It was also competent for them to ascertain, in their own way, what judgment should be entered on it; and what mattered it whether the sum was figured out by themselves, or by persons mutually chosen to do so? The judgment would be equally binding in either case, it being only a different mode of doing the same thing. This agreement is not referable to any statute in terms. As was said in Gallup *v.* Reynolds, 8 Watts 424, "it is referable to the agreement of the parties, who were a law to themselves," who were "competent to settle their differences in their own way." Taking either view of the matter, the court were right.

3. There was no error in refusing to charge that the possession of the notes given in evidence created no liability for contribution. They were joint notes of the plaintiff and defendant, given for the purchase-money of the mill; and whether they were partners in operating the mill or not, is not material. The purchase was joint, and not as partners, and the funds of the firm afterwards

[Wall's Administrators *v.* Fife.]

were no more applicable to the share each one was bound to pay, than for any other undivided debt. The interest each had in the mill was his capital in the partnership, and not to be paid for out of the firm funds. There is no error in this ruling.

4. There were several pleas to the country in this cause; and it has been holden in such a case that when the plea of *nul tiel record* is also in, if the parties go to trial generally, this court will presume that the issues were respectively decided by the proper tribunal: Baxter *v.* Graham, 5 Watts 418. The entry of judgment on the verdict for the plaintiff will in such a case be equivalent to a judgment for plaintiff on the plea: 3 Harris 272.

Judgment affirmed.