## Watkin James, Plff. in Err., v. John Crownover.

An instrument in the form of a promissory note with the addition of the words, "and waiving the benefit of all laws exempting property from levy and sale by execution, and confessing judgment for the said amount," is sufficient when filed with the proper averment of nonpayment and an express confession signed by an attorney, to authorize the entry of judgment by the prothonotary; and a judgment so entered should not be stricken off by the court.

(Decided October 4, 1886.)

NOTE.—By virtue of the act of February 24, 1806, the prothonotary may enter judgment upon a note confessing judgment, though no warrant of attorney to appear and confess is included. Burgunder v. Lederer, 12 Pa. Co. Ct. 222; Ely v. Karmany, 23 Pa. 314; Moore v. Hutchinson, 1 Phila. 377. But a mere authority to record the instrument according to law, is not sufficient. Rabe v. Heslip, 4 Pa. 139.

Error to the Common Pleas of Juniata County to review a judgment discharging a rule to show cause why a judgment entered upon a note signed by the plaintiff in error should not be stricken off. Affirmed.

On January 7, 1886, the defendant in error, plaintiff below, filed of record the following instrument in writing:

Mifflintown, Pa., Oct. 1, 1885.

On January 1, 1886, after date, I promise to pay to the order of John Crownover, at the banking house of Parker & Co., five hundred and forty-five dollars, without defalcation, value recd., and waiving the benefit of all laws exempting property from levy and sale by execution, and confess judgment for the said amount of five hundred and forty-five dollars.

Watkin James.

With this was filed an averment that the whole sum of $545, with interest from January 1, 1886, was due, and an express confession of judgment signed by the attorneys for the plaintiff as attorneys for the defendant, in the following words:

By virtue of above general confession of judgment and warrant thereto, we hereby appear for Watkin James, to the above stated suit, and confess judgment against him and in favor of the above plaintiff for the sum of five hundred and forty-five dollars, with costs, release of errors, etc., waiving the benefit of all laws exempting property from levy and sale by execution, with interest from January 1, 1886.

D. D. Stone and J. A. McKee,
Attorneys for defendant.

Filed February 7, 1886.

Thereupon the prothonotary entered judgment. The court subsequently discharged a rule taken by James, to show cause why the judgment should not be stricken off, and this was assigned as error.

*Alfred Ashton* and *Alfred J. Patterson,* for plaintiff in error.

—The words used in the note gave no power to anyone except the prothonotary to appear for plaintiff in error.

A warrant to confess judgment contains not only a grant of the authority, expressed clearly and intelligibly, but a designation by name or description of the person who is to execute it. Rabe v. Heslip, 4 Pa. 139; Act, Feb. 24, 1806, 1 Brightly's Purdon's Digest, p. 825; Persons v. Weston, 1 Kulp, 387.

The warrant to confess must be express. Rabe v. Heslip, 4 Pa. 139; Lytle v. Colts, 27 Pa. 193.

A warrant of attorney is an instrument in writing or a demand to one or more attorneys therein named, authorizing them, generally, to appear in any court or in some specified court, on behalf of the person giving it, and to confess judgment in favor of some particular person therein named, in an action of debt. 2 Bouvier, Law. Dict. 650.

The judgment is irregular because no warrant of attorney was filed when judgment was entered.

Judgment cannot be entered on warrant of attorney, before the warrant is actually filed in the prothonotary's office. Chambers v. Denie, 2 Pa. St. 421; Banning v. Taylor, 24 Pa. 289.

On diminution of record suggested, the court will issue a certiorari to bring up the warrant. Cro. Jac. 277; 3 Bacon Abr. 345, title, *Error;* 1 Comyns' Digest, 752, title, *Attorney,* B. 8.

Where no bond can be produced, or where no warrant of attorney exists, or none authorizing such judgment, the court cannot amend; and a judgment entered without authority ought to be stricken off. Adams v. Bush, 5 Watts, 291.

Such a judgment should be stricken from the record at once, without regard to the question of indebtedness. 1 Troubat & H. 4th ed. 1867, p. 399; Banning v. Taylor, 24 Pa. 289.

The courts have authority to vacate or modify judgments entered by warrant of attorney, either for cause appearing on the record or for such as may be established by depositions. Hutchinson v. Ledlie, 36 Pa. 112; Cochran v. Eldridge, 49 Pa. 365.

When there is no suit brought, and the plaintiff himself employs an attorney to appear for the defendant, under a warrant which is in the plaintiff's possession, in such a case, al-

though the appearance is in form an appearance by the defendant, it is in fact an appearance procured by the plaintiff himself for his own advantage.

In a case of that kind, if the plaintiff causes a judgment to be entered against the defendant without a warrant to authorize it, the judgment should be stricken off. Banning v. Taylor, 24 Pa. 289; Campbell v. Kent, 3 Penr. & W. 75.

The warrant of attorney must be filed without *oyer* demanded. Banning v. Taylor, 24 Pa. 289.

*D. D. Stone* and *John A. McKee,* for defendant in error.— Setting aside a judgment is a matter of sound discretion on the facts, and the refusal is not the subject of writ of error. Sweesey v. Kitchen, 80 Pa. 160.

The prothonotary had the right to enter judgment on this note under § 28 of the act of February 24, 1806. Helvete v. Rapp, 7 Serg. & R. 306; Ely v. Karmany, 23 Pa. 314.

PER CURIAM:

There was no error in the refusal of the court to strike this judgment from the record. The note upon which it was entered contains an express confession of judgment. Not only did attorneys for the maker of the note appear and confess judgment against him, but the prothonotary also entered judgment on the note against him.

The record showed no such defect or error as to require the court to strike off the judgment.

Judgment affirmed.