Shure *v.* Goodimate Co., Inc., Appellant.

458

Argued January 7, 1931.  Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Robert T. McCracken,* with him *Bernard A. Illoway* and *Harry Fischer,* for appellant.

*Henry Aaronson,* with him *Simon Pearl* and *Maurice E. Cohen,* for appellee.

PER CURIAM, January 26, 1931:

This appeal is from an order of the court below refusing to strike off a judgment entered by confession upon warrant of attorney in pursuance of the terms of an agreement in writing between the parties. The agreement referred to provided for selection of arbitrators to determine the amount, if any, due from defendant company to plaintiff as compensation for services rendered. Among its terms it is provided that if an award be made by the arbitrators in plaintiff's favor, defendant should immediately comply with its conditions, and, upon its failure to do so, authorized any attorney to appear for it and confess judgment in plaintiff's favor for the amount awarded. The arbitrators found for plaintiff in the

sum of $17,500. Upon defendant's failure to make payment of the amount awarded, judgment was entered by an attorney as provided in the agreement. Attached to the confession was a copy of the original agreement and an averment that defendant failed to make payment of the amount due after receiving notice of the award. Defendant entered a rule to strike off the judgment, and argued that, as the agreement failed to provide for an amicable action and confession, the judgment was improperly entered.

The court below did not concur in this contention and discharged the rule, saying in its opinion: "The defendant could have confessed judgment itself and what it could do itself it could authorize its agent to do. In this case it specially authorized any attorney to confess judgment for it. It was not necessary for an amicable action or for an adverse action...... The confession was made by an attorney-at-law. It is presumed that he has a right to appear for any person whom he undertakes to represent: Danville R. R. v. Rhodes, 180 Pa. 157. When he shows his warrant the only matter for inquiry is whether or not that warrant is sufficient to justify his act. The language of the warrant authorizes any attorney to immediately appear for the defendant and confess judgment. It is true this language does not indicate in what forum the attorney is to appear, but since the confession authorized the entry of judgment, the presumption is that the judgment was to be entered in a court having jurisdiction. In Cooper v. Shaver, 101 Pa. 547, a warrant very similar to the one before us was considered, and it was held that a judgment entered on such a warrant could not be attacked for irregularity."

The order refusing to strike off the judgment is affirmed.