## Harleysville Mutual Casualty Co., Appellant, v. Adair.

Argued January 7, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul A. Lockrey,* for appellant.

*Albert Schlessinger,* for appellees.

Opinion by Mr. Justice O'Brien, April 19, 1966:

Robert Adair, a minor, was involved in an automobile accident on October 16, 1964, in which he allegedly sustained personal injuries, following which, his attorney advised his insurer, Harleysville Mutual Casualty Company (Harleysville), by letter, that it appeared that the other motorist was uninsured and a claim would be made under the insured's uninsured motorist coverage.

In December of 1964, Robert Adair submitted to a physical examination by appellant's physician and gave a statement consisting of 2½ pages, which had been requested by appellant, Harleysville. This was all that appellant had requested from appellee prior to the arbitration.

In February of 1965, Harleysville advised appellees' counsel that any offer of settlement would be refused because the driver of the other vehicle stated that the assured, appellee, had backed into her. Appellee then requested arbitration in accordance with the terms of the policy on February 19, 1965. On March 1 appellant's counsel entered his appearance and filed an answering statement. On March 16, 1965, Harleysville's counsel forwarded 83 interrogatories with sub-parts to appellees' counsel, answer to which was requested un-

der the "reasonable cooperation" clause of the policy and its right to examine the insured under oath. This demand was based on the following provision of the policy: "Proof of Claim; Medical Reports: As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

"The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, . . . or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records."

The arbitrator ruled that appellee was not required to answer their interrogatories and set a hearing date for April 29, 1965. On April 26, 1965, appellant instituted an action for an injunction, restraining the arbitration hearing from proceeding and petitioning for a declaratory judgment. The Court of Common Pleas No. 1 of Philadelphia County sustained appellees' preliminary objections in the nature of a demurrer and dismissed the complaint in equity; this appeal followed.

Appellant has entirely misconceived the issue in this matter, which is whether pretrial discovery or "prehearing" discovery under the Procedural Rules is avail-

able in an arbitration proceeding instituted in accordance with the provisions of the appellant insurer's own contract, which provided for arbitration of uninsured motorist claims in accordance with the rules of the American Arbitration Association.

The issue is purely one of procedure. The arbitrator's ruling that the appellant insurance company, which voluntarily appeared in the proceedings, was not entitled to discovery under the arbitration rules did not involve any substantive issue or any question of the arbitrator's jurisdiction or any question of the arbitrable issues. Appellant's claim that the right to discovery was a non-arbitrable issue because the policy provided, as previously set forth, for the claimant to submit to interrogation under oath begs the real question completely.

Appellant's view appears to be that the provisions of the policy requiring the insured and every other person making a claim to submit to examination under oath by a person named by the company, as often as may be reasonably required, is a condition precedent to the institution of arbitration, i.e., *prior* to the arbitration, and automatically incorporates all the discovery rules into the arbitration itself *after* the arbitration begins. We do not agree.

Further, appellant itself agreed that the arbitration of negligence and damages should be conducted "in accordance with the rules of the American Arbitration Association". Appellant knew full well that those rules (a copy of which is attached to its brief) did *not* provide for any pretrial discovery as in actions at law. In any event, appellant can examine the claimant under oath during the arbitration process so that no substantive rights of the appellant are in any way affected.

Section 7 of the Pennsylvania Arbitration Act of April 25, 1927, P. L. 381, 5 P.S. §167, does not help appellant. Under this section depositions are avail-

able only upon petition to the court and with the approval of the arbitrator. In this case the arbitrator specifically did not approve.

Appellee did submit to physical examination by the appellant's doctor and to interrogatories by its claim investigator *prior* to the arbitration.

When appellant, by its own contract, agreed to abide by the rules of the American Arbitration Association, it voluntarily surrendered the right to invoke any of the procedural devices which would be available in an action at law. The right to discovery is one of these devices which is not obligatory as an essential of due process to a valid arbitration proceeding.

To hold that all arbitration proceedings must be considered subject to all the procedural devices available in ordinary civil actions instituted in a court of law, without regard to either the provisions of the arbitration contract or the rules of the American Arbitration Association would eliminate, or at least severely curtail, arbitration as a means of facilitating the solution of disputes. One need only consider what such a ruling would do to all the compulsory arbitration proceedings which have so effectively reduced backlogs in cases under $2,000.

To permit an equity action to be brought to restrain an arbitration proceeding in toto or to obtain declaratory judgments as to procedural matters because of dissatisfaction with an interlocutory ruling of the arbitrator would be unthinkable. No such injunctive or declaratory judgment process is available in an ordinary civil action at law as a means of challenging an interlocutory ruling by the court.

Appellant here agreed that the rules of evidence applicable in ordinary actions at law were not to be applicable to these arbitration proceedings under the rules of the American Arbitration Association. This provision must be construed together with the provisions of

the policy relating to interrogation of the claimant with regard to his proof of claim. Appellee, to the point of arbitration, cooperated with appellant insurer. After the commencement of the arbitration the arbitration procedures agreed to by appellant controlled. To permit appellant to maintain this proceeding in equity would permit it to gain by indirection what it is not entitled to by direct action.

Finally, the Arbitration Act of 1927, supra, §§7 and 10, 5 P.S. §§167, 170, provide a complete method of statutory relief by appeal to the court to vacate, modify or correct an award where the arbitrators exceed their powers or refuse to hear evidence or by misbehavior prejudice the rights of a party. Recourse to equity is therefore improper and unjustified.

Decree affirmed. Appellant to bear costs.

Mr. Justice Roberts concurs in the result.