Opinion by
 

 Jacobs, J.,
 

 The appellee claimed damages under the uninsured motorist provision of an insurance policy issued by the appellant. As the parties were unable to agree on the amount of damages, the dispute was submitted to arbitration pursuant to the following standard provision in the policy:
 

 
 *85
 
 “8. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and
 
 judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.
 
 Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.” (Emphasis added.)
 

 An award was made in appellee’s favor and appellee’s attorney filed a praecipe for judgment on the award with the prothonotary who entered judgment. Appellant moved to strike the judgment on the basis that the entry of judgment was beyond the authority of the prothonotary. The court below refused the motion to strike. We reverse.
 

 If this arbitration were controlled by statute, judgment could not be entered on the arbitration award without confirmation by the court. Three statutes in Pennsylvania cover voluntary arbitration and all require court confirmation before judgment may be entered: (1) the Act of January 12, 1705, 1 Sm. L. 49, 5 P.S. §8; (2) the Act of June 16, 1836, P. L. 715, 5 P.S. §§1-7; (3) the Act of April 25, 1927, P. L. 381, 5 P.S. §161 et seq. It has been held that the provisions of the first two statutes are not applicable unless referred to in the agreement to arbitrate.
 
 Gallup v. Reynolds,
 
 8 Watts 424 (1839);
 
 Wall’s Administrators v. Fife,
 
 37 Pa. 394 (1861). No reference appears in the above quoted arbitration agreement, and therefore, neither
 
 *86
 
 statute is applicable. In
 
 J. A. Robbins Co., Inc. v. Airportels, Inc.,
 
 418 Pa. 257, 210 A. 2d 896 (1965), it was held that the parties may provide in their agreement to arbitrate, either that the common law or the Act of 1927 shall apply and “that when the agreement to arbitrate is not by itself determinative of the issue then common law rules regulate the enforcement of the agreement and the award, unless, subsequent to the agreement, the parties, expressly or by implication, further agree that the Act of 1927 shall govern.” 418 Pa. at 261, 210 A. 2d at 898. Here since the agreement is not determinative and there is no evidence that the parties subsequently agreed to apply the Act of 1927, common law rules control the enforcement of this award.
 

 Appellant argues that the only way a common law arbitration award can be enforced is by an action at law. With this we disagree.
 
 Wall’s Administrators v. Fife,
 
 supra, and
 
 Shure v. Goodimate Co., Inc.,
 
 302 Pa. 457, 153 A. 757 (1931), clearly affirm the principle that the parties may effectively provide, in their agreement to arbitrate, authority for entering judgment on the award. In
 
 Wall’s Administrators
 
 the agreement provided that judgment should be entered on the award “by the prothonotary”, and in
 
 Shure
 
 the agreement contained a warrant of attorney to appear for defendant and confess judgment. Those cases do not control this case because neither a warrant of attorney nor a direction to the prothonotary is present here. We must determine whether the language of this arbitration provision is sufficient to support entry of this judgment on authority of any other cases or statutes.
 

 The prothonotary is merely the clerk of the court of common pleas. He has no judicial powers nor does he have power to act as attorney for others by virtue of his office. As prothonotary it is his duty to record
 
 *87
 
 all judgments entered by the court or confessed by parties before the court. He may be authorized to act for another in the same manner that any other person may be, but then his powers are derived from the instrument under which he acts
 
 [1]
 
 and not from his office.
 
 Whitney v. Hopkins,
 
 135 Pa. 246, 19 A. 1075 (1890). By the Act of February 24, 1806, P. L. 334, 12 P.S. §739, it was made his duty to enter judgment on application of the holder of a written instrument in which judgment is confessed by the maker or containing a warrant of attorney to appear and confess judgment. Since no judgment was entered by order of court and the prothonotary was not authorized by appellant to act for it, this judgment can be sustained only if it was confessed by the appellant in proper manner, or was entered pursuant to the Act of 1806.
 

 We must consider the common law to determine if this was a confession of judgment which the prothonotary could enter aside from statute. In Pennsylvania, ever since the province was founded, judgments by confession have been sustained when the defendant appeared in person and confessed judgment, or judgment was confessed against him on a warrant of attorney.
 
 Reed v. Hamet,
 
 4 Watts 441 (1835). The appellant did not personally appear and confess judgment. In the absence of a personal appearance, a written warrant authorizing the entry of an appearance and confession of judgment on behalf of the defendant must be filed with the judgment.
 
 Cook v. Gilbert,
 
 8 S. & R. 567 (1822);
 
 M’Calmont v. Peters,
 
 13 S. & R. 196 (1825) ;
 
 Banning v. Taylor,
 
 24 Pa. 289 (1855). Such a warrant to confess judgment must contain the authority clearly expressed and a designation of the per
 
 *88
 
 son who is to execute it.
 
 Rabe v.
 
 Heslip, 4 Pa. 139 (1846). The words “judgment upon the award rendered by the arbitrators may be entered in any court . . .” did not constitute a warrant authorizing any person to appear and confess judgment. Had there been a warrant of attorney, it is possible that appellee might have claimed that it was exercising such warrant on behalf of appellant. See
 
 Noonan, Inc. v. Hoff,
 
 350 Pa. 295, 38 A. 2d 53 (1944). However, there was no warrant and appellee did not purport to act on appellant’s behalf. The praecipe to the prothonotary for judgment was signed by the attorneys for appellee (plaintiff), as attorneys for the appellee. We conclude that entry of this judgment was not authorized at common law.
 

 Under the Act of February 24, 1806, cited above, it is the duty of the prothonotary “on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed,
 
 [2]
 
 or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due, without the agency of an attorney. . .
 

 Our courts have consistently held that in order for the prothonotary to enter a judgment under the Act of 1806, the amount due must be shown on or determined by calculation from the face of the instrument.
 
 Connay v. Halstead,
 
 73 Pa. 354 (1873);
 
 Meyers & Joly
 
 
 *89
 

 v.
 
 Freiling, 81 Pa. Superior Ct. 116 (1923);
 
 Better Built Door Co. v.
 
 Oates, 165 Pa. Superior Ct. 465, 69 A. 2d 425 (1949). When the amount cannot be ascertained without resort to evidence outside the writing the statute does not support the judgment.
 
 Lansdowne Bank
 
 &
 
 Trust Co. v.
 
 Robinson, 303 Pa. 58, 154 A. 17 (1931). The prothonotary could not enter judgment in this case under the Act of 1806 because no amount appears on the face of the writing, i.e., the insurance policy. An amount could be determined here only by reference to the arbitrator’s award, a paper separate and apart from the document containing the alleged confession. Therefore, the Act did not invest the prothonotary with either the duty or the power to enter judgment.
 

 Decree reversed and judgment stricken.
 

 [1]
 

 For example, in
 
 Wall’s Administrators v. Fife,
 
 37 Pa. 394 (1861), the prothonotary’s power to enter judgment came from the agreement of the parties “that judgment shall be entered thereon
 
 T>y the prothonotary.”
 
 (Emphasis added.)
 

 [2]
 

 Cases sustain entry of judgment under the -Act of 1806 by the prothonotary, even absent a warrant of attorney, if a clear confession is contained in the instrument.
 
 Romberger v. Romberger,
 
 290 Pa. 454, 139 A. 159 (1927) (“X . . . hereby confess judgment for the above sum”) ;
 
 Ely v. Karmany,
 
 23 Pa. 314 (1854) (“I do hereby confess judgment on the above sum”) ;
 
 James v.
 
 Crown
 
 over,
 
 3 Sadler 73, 6 A. 42 (1886) (“I . . . confess judgment for the said amount of five hundred and forty-five dollars”).