Opinion by
Jacobs, J.,
This is a companion case to Smith v. Safeguard Mut. Ins. Co., 212 Pa. Superior Ct. 83, 239 A. 2d 824 (1968), in which an opinion was filed today. Appellee claimed damages under the uninsured motorist provision of a policy issued by appellant. The dispute was submitted to arbitration pursuant to the same arbitration clause recited in full in the Smith case.[1] An award was made by the arbitrator for the appellee who caused judgment to be entered on the award in substantially the same manner it was done in the Smith case. However, instead of moving to strike the judgment as was done in the Smith case, here the appellant moved to open the judgment in order that it might at-, tack the award pursuant to the provisions of the Arbitration Act of April 25, 1927, P; L. 381, 5 P.S. §161 et seq. The court below dismissed the motion holding that this was common law arbitration not arbitration under the Act of 1927. We agree.
The sole issue raised on this appeal is whether the instant arbitration is subject to the provisions of the *91 Arbitration Act of 1927. We have already answered this question in the negative in the Smith case and need not repeat what we said there. However, appellant directs our attention to the concluding paragraph of Harleysville Mut. Cas. Co. v. Adair, 421 Pa. 141, 218 A. 2d 791 (1966), which says, “Finally, the Arbitration Act of 1927, supra, §§7 and 10, 5 P.S. §§167, 170, provide a complete method of statutory relief by appeal to the court to vacate, modify or correct an award where the arbitrators exceed their powers or refuse to hear evidence or by misbehavior prejudice the rights of a party.” Id. at 146, 218 A. 2d at 794. Since Adair apparently involved the same arbitration provision here considered, this language would seem to support the argument that judgment may not be entered until a court approves the award pursuant to §§167 and 170 of the Arbitration Act. For several reasons we do not feel compelled to accept that conclusion. First, the quoted paragraph was incidental to the holding of Adair (that equity will not enjoin an arbitration, which has commenced under American Arbitration Association rules, to permit a party to exercise the pretrial discovery rules of civil procedure). Second, the Supreme Court has, since the Adair decision, expressly reaffirmed the general rule that the common law controls the agreement and award when the parties, as here, do not agree expressly or impliedly that the Act of 1927 shall apply. Keller v. Local 249, 423 Pa. 353, 223 A. 2d 724 (1966). Third, the Supreme Court apparently agrees in National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 236 A. 2d 758 (1968), that the same arbitration provision as here considered is subject to common law rules of review.
We thus conclude that the lower court’s dismissal of the appellant’s motion to open judgment, which is the only matter before this court, was correct.
Affirmed.

 Except that this policy refers to the clause as a “part” rather than an “endorsement”.