Roselon Industries, Inc., Appellant, *v.* Associated Knitting Mills.

Argued December 13, 1971.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Theodore J. Martineau,* with him *Matthew M. Strickler,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

*Samuel Rappaport,* with him *Joseph Rappaport,* and *Rappaport & Furman,* for appellee.

OPINION BY HOFFMAN, J., March 24, 1972:

This is an appeal from the order of the lower court opening a judgment which was entered by the Prothonotary of the Court of Common Pleas upon a praecipe which set forth an arbitration award.

In this appeal appellee asserts that the action of the lower court in opening the judgment was proper because (1) there had never been an agreement betwen the parties to arbitrate the instant dispute, and (2) the subject matter of the controversy was improperly heard by the arbitrators on ex parte basis.

These issues, however, need not be resolved in this appeal because, as appellee contends, the original judgment on the arbitrators' award was improperly entered by the prothonotary.

It is agreed by the parties that the arbitrators' award was predicated upon common law arbitration and not arbitration under the Act of April 25, 1927, P. L. 381, No. 248, §3, 5 P.S. 161 et seq. Accordingly, "common law rules control the enforcement of [a common law arbitration] award." *Smith v. Safeguard Mutual Insurance*, 212 Pa. Superior Ct. 83, 239 A. 2d 824 (1968). Under common law, parties may "effectively provide, in their agreement to arbitrate, authority for entering judgment on the award". *Smith*, supra, at 86.

Absent an agreement that judgment should be entered by the prothonotary or an agreement "contain-[ing] a warrant of attorney to appear for defendant and confess judgment," the prothonotary is not authorized to enter judgment on the arbitration award. *Smith*, supra, at 86; *Wall's Administrators v. Fife*, 37 Pa. 394 (1861); and *Shure v. Goodimate Co., Inc.*, 302 Pa. 457, 153 A. 757 (1931).

Appellant argues that the appellee agreed to the following arbitration clause: "[a]ny controversy arising under or in relation to this order or contract,

or any modification thereof, shall be settled by arbitration. In the absence of agreement otherwise among the parties hereto such arbitration shall be held in the City of Philadelphia, in accordance with the laws of the State of Pennsylvania, unless some other jurisdiction shall be mutually agreed upon in writing by the parties hereto, and the rules then obtaining of the American Arbitration Association, or the General Arbitration Council of the Textile Industry, or any successor of either, as the Seller may determine, and the parties consent to the jurisdiction of the Supreme Court of the State of Pennsylvania, and further consent to the jurisdiction of the Supreme Court of the State of Pennsylvania, and further consent that any process or notice of motion or other application to the Court or a Judge thereof, and any notice in connection with the arbitration proceeding may be served within or without the State of Pennsylvania by registered mail or by personal service, provided a reasonable time for appearance is allowed."

This clause contains no warrant of attorney or agreement that judgment should be entered by the prothonotary. There is no confession of judgment clause, and therefore, under the analysis in *Smith*, supra, the judgment could not be entered. The judgment was therefore improperly entered and as such may be stricken.

The instant proceeding, however, was brought on appellee's petition to *open* the judgment, and there was no separate pleading asking that the judgment be stricken. In this appeal, however, we affirm the holding of the lower court opening the judgment.

First, while it is true that a defendant who seeks to open a judgment is generally held to waive irregularities in the entry of the judgment which might have been attacked by a motion to strike, a petition to "open

a judgment does not constitute a waiver of a fundamental or vital defect—for instance, where plaintiff had no right to enter the judgment." *Polis v. Russell,* 161 Pa. Superior Ct. 456, 460, 55 A. 2d 558, 560 (1947). See also 7 *Standard Pennsylvania Practice* 176.

Second, Rule 2959 of the Pennsylvania Rules of Civil Procedure provided that all grounds to strike or open a "judgment by confession" should be consolidated in a single petition. While this rule does not apply to the instant proceedings, as these proceedings do not involve a judgment by confession, the policy expressed in the rule that all grounds for relief from a judgment should be consolidated and considered together express a policy that should be applied to the peculiar circumstances in this case.

The relief granted by the lower court in opening the judgment was less drastic than the relief that could have been obtained by the appellee, namely, to have the judgment stricken. Accordingly, it would be pointless to vacate the relief already granted at the instance of the appellant, when the appellee would actually be entitled to have the judgment stricken. This, of course, would not be the case where the alleged ground for striking the judgment is not fundamental. In that instance, the bringing of the petition to open the judgment would waive the claim.

The order of the lower court is therefore affirmed and this case is remanded for further proceedings consistent with this opinion.

Order affirmed and case remanded.