Keystone Insurance Company Appeal.

*C. Dean Francis,* for appellant.

*John R. Padova,* with him *Edward B. Bergman,* and *Solo, Bergman and Padova,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This appeal is from an order of the Court of Common Pleas of Philadelphia vacating the Award of Arbitrators on the basis of an undisclosed conflict of interest.

The instant case arises out of an automobile accident which occurred on September 18, 1969, and which involved an uninsured motorist. Appellee, Ralph De-Philips, filed a claim with the American Arbitration Association naming as respondent, Keystone Insurance Company, his own uninsured motorist carrier. Liability was denied by the Board on the ground that appellee-claimant was contributorily negligent.

At none of the hearings held in connection with this case, did one of the Arbitrators, Richard W. Hopkins, Esquire, disclose the fact that he had previously represented the appellant, Keystone, and continued to conduct business with Keystone on an occasional basis. A Petition to Vacate the Award was filed in the lower court. This Petition was granted, and the cause remanded for a de novo hearing before a new panel. Appellant contends that the lower court erred in so ordering. We disagree.

Binding upon all Arbitrators is §18 of the Rules of the American Arbitration Association, which provides: "Disclosure by Arbitrator of Disqualification—At the time of receiving his notice of appointment, the prospective Arbitrator is requested to disclose any circumstances likely to create a presumption of bias or which he believes might disqualify him as an impartial Arbitrator. Upon receipt of such information, the Tribunal

Clerk shall immediately disclose it to the parties, who if willing to proceed under the circumstances disclosed, shall, in writing, so advise the Tribunal. If either party declines to waive the presumptive disqualification, the vacancy thus created shall be filled in accordance with the applicable provisions of this Rule."[1]

In the case of *Commonwealth Coatings Corporation v. Continental Casualty Co.*, 393 U.S. 145 (1968), the Supreme Court of the United States decided a strikingly similar case. There, even though a supposedly neutral member of a U.S. arbitration panel was not alleged to have been guilty of fraud or bias in deciding a dispute between a subcontractor and a prime contractor, the Supreme Court held that the subcontractor was entitled to have the Award set aside. The Court based its decision on the fact that the arbitrator had had previous financial relations with the prime contractor. The mere fact that this association had not been disclosed was sufficient to vacate the award. Writing for the Majority, Justice BLACK reasoned: "This rule of arbitration [section 18, *supra*] . . . rest[s] on the premise that any tribunal permitted by law to try cases and controversies not only must be unbiased but also avoid *even the appearance of bias.* We cannot believe that it was the purpose of Congress to authorize litigants to submit their cases and controversies to arbitration boards that might reasonably be thought biased against one litigant and favorable to another." 393 U.S. at 150. (Emphasis added).

For the reasons stated above, we affirm the order of the court below.

---

[1] See also, the Arbitrator's Oath, which requires the same disclosure.