## Whiting, Appellant, *v.* Nationwide Mutual Insurance Company, et al.

Argued March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bernard M. Gross,* with him *Gross & Sklar,* for appellant.

*Randall E. Dyen,* for appellee.

OPINION BY JACOBS, J., June 21, 1974:

This is an appeal from the order of the lower court refusing to set aside an arbitration award. Appellant contends that he was denied a fair hearing and received an inequitable award because: (1) the arbitrators and the American Arbitration Association were guilty of fraud and misconduct by failing to disclose that a certain arbitrator represented as "neutral" was in fact "defense" oriented; and (2) without authority the arbitrators reduced the award by the amount of the medical payments coverage. We find these claims to be without merit and affirm.

On November 13, 1970, appellant, Carlos Whiting, was injured in a motor vehicle collision with an uninsured motorist. Appellant's insurance policy with appellee, Nationwide Mutual Insurance Company [hereinafter referred to as "Nationwide"], included uninsured motorist and medical payments coverage. When no settlement was forthcoming, appellant filed a demand for arbitration with the American Arbitration Association [hereinafter referred to as "AAA"] as provided for in the policy. Since the provision in the poli-

cy did not specify statutory arbitration,[1] and there was no agreement between the parties to adopt it, the rules of common law arbitration became applicable. *Smith v. Safeguard Mut. Ins. Co.*, 212 Pa. Superior Ct. 83, 239 A.2d 824 (1968).

In accordance with its procedure at that time, the AAA submitted to both appellant and Nationwide a list of arbitrators which included one neutral, three plaintiff's attorneys, and three defendant's attorneys.[2] Each party was given the opportunity to strike two names from the list. Soon thereafter the parties were notified of the selection of the following arbitration panel: Ralph L. Hose (neutral), Joseph F. Ricchiuti (defendant's attorney), and A. Martin Herring (plaintiff's attorney). The panel held its first hearing on October 23, 1972. After its second and final hearing on December 8, 1972, the panel unanimously issued the following award: "NATIONWIDE INSURANCE COMPANY shall pay to CARLOS WHITING the sum of TWO THOUSAND TWO HUNDRED SIXTY DOLLARS ($2,260.00), which is inclusive of medical payments." On the same day, Ralph L. Hose, the "neutral" arbitrator informed Jeff Coble, the Tribunal Administrator for the AAA, that out of his practice in negligence, 10% was plaintiff work while 90% was defense work. This new information reflected a change in the makeup of Hose's negligence practice which in 1967 was evenly divided between plaintiff and

---

[1] Statutory arbitration is provided for in this Commonwealth by the Act of 1705, 1 Sm. L. 49, §3, 5 P.S. §8; the Act of June 16, 1836, P. L. 715, §1 *et seq.*, 5 P.S. §1 et seq.; and the Act of April 25, 1927, P. L. 381, §1 *et seq.*, 5 P.S. §161 *et seq.*

[2] The arbitrators were generally classified by the Advisory Council of the AAA as neutral, plaintiff's attorney, or defendant's attorney, according to the percentage of their negligence practice devoted to plaintiff work or defense work. However, the Advisory Council has on occasion classified an arbitrator as neutral although his practice was not evenly divided.

defense work. The AAA now lists Hose as a defendant's attorney.

On an appeal from a common law arbitration award, "appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator[s] which caused [them] to render an unjust, inequitable or unconscionable award, the arbitrator[s] being the final judge of both law and fact, [their] award not being subject to disturbance for a mistake of either." *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 114, 299 A.2d 585, 588 (1973), *quoting Harwitz v. Selas Corp.,* 406 Pa. 539, 542, 178 A.2d 617, 619 (1962).

Appellant first contends that the foregoing facts demonstrate fraud and misconduct because he was faced at the hearing with a "stacked deck" of arbitrators, consisting of two defendant's attorneys and one plaintiff's attorney. For authority, appellant cites *Rogers v. Schering Corp.,* 165 F. Supp. 295 (D. N.J. 1958), *aff'd per curiam,* 271 F.2d 266 (3d Cir. 1959), and *Keystone Insurance Co. Appeal,* 224 Pa. Superior Ct. 404, 307 A.2d 55 (1973), but both those cases are clearly distinguishable. In *Rogers,* the arbitrator had a prior association with one of the parties, and that fact was disclosed to the AAA before the hearing, while in *Keystone,* one of the arbitrators failed to disclose that he had previously represented a party to the arbitration and continued to conduct occasional business with it. In the instant case, there was no evidence that Hose was ever associated with Nationwide. Nor was there clear evidence that the AAA was informed of the change in Hose's practice prior to the award, and Hose denied that he was ever aware of his classification as neutral prior to the hearing. Hose also testified that he had never acted as counsel for Nationwide and had as an

arbitrator in this case rendered an impartial verdict. He added that he was under "[n]o obligation to take anybody's point of view." After reviewing the record, we find that appellant has failed to establish any actual or intentional acts of fraud or misconduct on the part of the arbitrators or the AAA required to set aside common law arbitration. *See Allstate Ins. Co. v. Fioravanti*, supra.

Appellant's second argument, that the arbitrators' award which was "inclusive of medical payments" was beyond their power, must be rejected. The uninsured motorist endorsement on the policy provided that the amount payable under such endorsement, if not agreed upon, should be submitted to arbitration. That same endorsement further provided that the insurer should not be required to pay under the uninsured motorist coverage any amount payable under the medical payments coverage of the policy. Thus, the relationship between uninsured motorist coverage and medical payments coverage was clearly a problem covered by the arbitration clause of the policy. The case of *Johnson v. Nationwide Mutual Insurance Co.*, Civil No. 2688 April Term, 1970 (Court of Common Pleas of Allegheny County, filed April 27, 1971), *aff'd per curiam*, 220 Pa. Superior Ct. 793, 286 A.2d 448, *allocatur refused*, 220 Pa. Superior Ct. *xl* (1972), cited by appellant is not controlling because it was a declaratory judgment case. This case is an appeal from a common law arbitration award and as we said in *American Arbitration Association Award*, 225 Pa. Superior Ct. 442, 446, 311 A.2d 668, 670 (1973): "With respect to the apparent aggregation of the uninsured motorist coverage and *inclusion of medical payments in the awards,* and the alleged exceeding of arbitration authority, we must recognize that 'mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators.'

Allstate Ins. Co. v. Fioravanti, 451 Pa. 108, 115, 299 A.2d 585, 589 (1973)." [Emphasis added.]
Order affirmed.