**Pleasant Valley Sch. Dist. v. Scheaffer**

*Gerard J. Geiger, for plaintiff.*
*Jeffrey Husisian, for defendant.*

ZULICK, *J.*, January 13, 2011—This matter is before the court on the objections of respondent Robert D. Schaeffer ("Mr. Schaeffer") to subpoenas and petitioner Pleasant Valley School District's ("PVSD") motion to overrule those objections. By order of this court dated September 30, 2010, the case was remanded to the arbitrator "[f]or an additional hearing on the reasons why Schaeffer was suspended from teaching, and whether his reinstatement would violate public policy as discussed in *Westmoreland Intermediate Unit #7 v. Westmoreland Intermediate Unit #7 Classroom Assistants Educ. Support Pers. Ass'n.,* PSEA/NEA, 595 Pa. 648, 667, 939 A.2d 855, 856 (Pa. 2007) and *Stroehmann Bakeries, Inc., v. Local 776,* Intern. Broth. of Teamsters, 969 F.2d 1436 C.A.3 (Pa.), 1992" (order of Sept. 30, 2010). PVSD has subpoenaed the

Lehighton Area School District and Lehighton Borough Police Department pursuant to that order. Those subpoenas are the subject of the objections and responsive motion presently before the court.

PVSD served notice of intent to serve the subpoenas on October 7, 2010. Mr. Schaeffer filed objections to the subpoenas pursuant to Pa. R.C.P. 4009.21 on October 27, 2010 and on November 9, 2010 PVSD filed a motion to overrule those objections. The parties submitted briefs and the matter was argued on January 3, 2011.

## DISCUSSION

Mr. Schaeffer asserts that the subpoenas "[a]re invalid and unenforceable because they are being served under the discovery rules of the Pennsylvania Rules of Civil Procedure, which is (sic) inapplicable to arbitration proceedings...." (Resp.'s Br. 1). He argues that the American Arbitration Association Rules for Labor Arbitration govern here *Id.* at 5.

The Pennsylvania Rules of Civil Procedure, including those guiding discovery, do not apply to arbitration proceedings. See *Harleysville Mutual Casualty Co. v. Adair*, 421 Pa. 141, 145, 218 A.2d 791, 794 (Pa. 1966); *Savage v. Commercial Union Ins. Co.*, 473 A.2d 1052, 1058 (Pa. Super. 1984). Instead, the rules of arbitration govern and the arbitrator is empowered to issue (or not issue) subpoenas requested by the parties. 42 Pa. C.S.A. §7309(a). Section 7309 of the Judicial Code provides in pertinent part:

(a) General rule. -- The arbitrators *may issue* subpoenas

in the form prescribed by general rules for the attendance of witnesses and for the production of books, records, documents and other evidence. Subpoenas so issued shall be served and, upon application to the court by a party or by the arbitrators, shall be enforced in the manner provided or prescribed by law for the service and enforcement of subpoenas in a civil action.

(b) Depositions. -- On application of a party and for use as evidence the arbitrators, in the manner and upon the terms designated by them, *may permit* a deposition to be taken of a witness who cannot be served with a subpoena or who is unable to attend the hearing. 42 Pa. C.S.A. § 7309(a)-(b) (emphasis added).

Pennsylvania courts have construed the permissive language of section 7309(b) of the code as giving the arbitrator discretion over discovery matters:

The language "may permit" in the statute reflects a clear legislative intent to place the decision of whether to order a deposition...squarely within the discretion or province of the arbitrators. *Cotterman v. Allstate Ins. Co.*, 666 A.2d 695, 700 (Pa. Super. 1995).

Because the language of Section 7309(a) is virtually identical to that of section 7309(b), the decision of whether to issue a subpoena appears squarely within the discretion or province of the arbitrator as well. Therefore, by remanding the case to the arbitrator, the court has relinquished jurisdiction over the discovery process — including issuance of subpoenas — subject to the parties' right to appeal. Here, the arbitrator has been instructed to determine whether Mr. Schaeffer's reinstatement would violate public policy. Decisions as to the appropriate

discovery process to properly carry out the hearing on remand are within the discretion of the arbitrator and governed by the American Arbitration Rules for Labor Arbitration (See Husisian Aff., Ex. D). Accordingly, I will sustain Mr. Schaeffer's objections to the subpoenas on the basis that the arbitrator must decide whether or not to issue them. However, I will not reach the questions raised by Schaeffer as to whether the school district seeks irrelevant evidence or confidential information; are overbroad, embarrassing and harassing; or violate Mr. Schaeffer's constitutional rights to reputation and privacy. These are questions for the arbitrator as well. Finally, I will deny PVSD's motion to overrule the objections.

ORDER

And now, January 13, 2011, upon consideration of the parties' briefs and arguments, it is ordered as follows:

1.  Respondent Robert D. Schaeffer's objections to the subpoenas are sustained.

2.  Petitioner Pleasant Valley School District's motion to overrule objections is denied.