Great American Insurance Company, Appellant,
*v.* American Arbitration Association.

Argued November 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

G. *Wayne Renneisen,* with him *Liebert, Harvey, Herting, Short and Lavin,* for appellant.

*Arnold M. Kessler,* with him *Bernstein, Bernstein, Harrison & Kessler,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1970:

The instant case is a patent attempt by appellant, Great American Insurance Company (Great American), to evade the dictates of a long series of recent cases in this Court dealing with the arbitration clause of the uninsured motorist provision of the standard automobile insurance policy. In those cases, we have continuously held: "The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided." *Nat. Grange M. Ins. Co. v. Kuhn,* 428 Pa. 179, 236 A. 2d 758 (1968). See also *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A. 2d 618 (1969); *Merchants M. I. Co. v. Am. Arb. Assn.,* 433 Pa. 250, 248 A. 2d 842 (1969); *Harleysville M. Ins. Co. v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968).

The facts of the instant case are as follows. Blanche Rush was injured while a passenger in a taxicab, as the result of an accident due to the negligence of the cab driver. Initially, Miss Rush sued the owner of the cab, and when the owner's insurance carrier became insolvent, she filed a claim against Great American under the uninsured motorist provision[1] of her brother's

---

[1] The language of the policy is as follows:

"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover

policy under which she qualified as an insured.

Unlike the series of cases cited above, the insurance carrier did not immediately bring an equity action to enjoin the arbitration. Instead, it proceeded to arbitration. The parties agreed that the arbitration would be divided into two parts. In the first part, the arbitrator would decide whether coverage existed; if he decided that it did, in the second part he would assess damages. The arbitrator decided that coverage did exist and scheduled a second hearing.

Great American then filed a complaint in equity against the American Arbitration Association and Miss Rush, seeking to enjoin the second hearing on the basis that the arbitrator had committed misconduct in the first hearing. Great American next filed a rule upon appellees seeking a preliminary injunction. After appellees filed an answer, the court below dismissed the rule, and this appeal followed.

The basis for the denial of relief below was the court's view that no misconduct had been committed by the arbitrator. We are in complete agreement with that view. In *Keller v. Local 249*, 423 Pa. 353, 355, 223 A. 2d 724 (1966), we held: "[C]ommon law arbitration may be reviewed only for fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award." Appellant argues only that miscon-

---

damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

duct existed here. However, the only asserted misconduct is the alleged failure of the arbitrator properly to apply the law with regard to uninsured motorist coverage. We have often stated that in common law arbitration such as this "the arbitrators are the final judges of both the facts and the law and their decision will not be disturbed for a mistake of either." *P. G. Metals Co. v. Hofkin*, 420 Pa. 620, 218 A. 2d 238 (1966). See also *Wingate Const. Co. v. Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A. 2d 275 (1965); *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 178 A. 2d 617 (1962). The misconduct necessary to overturn an arbitrator's action is not a mere mistake of law, nor even several mistakes aggregated. As stated in *Westinghouse Air Brake Co. Appeal,* 166 Pa. Superior Ct. 91, 97, 70 A. 2d 681 (1950): "[A] contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." The court below was thus perfectly justified in dismissing the rule because of the absence of any showing of misconduct.

We point out that the court might also have dismissed the rule and the complaint as well for another reason. As this Court indicated in *Keller v. Local 249,* supra, the proper method of review of an arbitrator's decision is not a complaint in equity, but rather a petition to vacate the arbitration award. Here, there was no award, for the damage stage of the proceedings had not yet been reached. It is possible that, even though coverage existed, no damages would be awarded, or the award would be satisfactory to the insurer. In other words, the insurer was attempting to gain interlocutory review by the equity route rather than await a final award and then petition to vacate it. The court could

have dismissed the rule for the failure to follow the proper procedure as well as for the reason it chose.

The decree of the court below is affirmed, costs on appellant.