### Flynn v. Allstate Insurance Company

*John J. Hickton,* for plaintiff.
*Robert E. Wayman,* for defendant.

BROSKY, J., April 30, 1970.—This matter is presently before the court on defendant's rule to show cause why the judgment should not be stricken as well as the order of this court of February 13, 1970, that the foregoing case be reargued. On February 6, 1970, this court approved and confirmed the award of the arbitrator in the amount of $18,000 together with the award for administrative fees. The rule to show cause as well as the order granting reargument has not stayed the approval and confirmation of the award of February 6, 1970.

The facts of the case are as follows:

Plaintiff is Estelle M. Flynn, a married woman, residing at 153 Woodridge Drive in the Borough of Carnegie, County of Allegheny, Pa.

The Allstate Insurance Company, defendant, is a corporate entity licensed to do business in the Commonwealth of Pennsylvania with a place of business at 116-45 Penn Hills Drive in the Borough of Penn Hills, County of Allegheny, Pa.

On or about February 18, 1967, plaintiff, Estelle M. Flynn, was struck and permanently injured by an automobile driven by an uninsured driver who was subsequently convicted of drunken driving at the time of the accident.

The Allstate Insurance Company issued a single policy to Harry Flynn, husband of plaintiff, on March

17, 1966, which policy is identified as 28-476-923-03-17. This policy, when issued, insured as item number one a 1959 Chevrolet sedan for liability $25,000-$50,000, property damage $10,000, uninsured motorist $10,000-$20,000, automobile medical payments $500, and comprehensive automobile plus towing and labor costs. A premium was charged for each of the items, and a specific premium of $2 was charged for the uninsured motorist coverage.

In addition, the same policy insured a 1953 Chrysler sedan for the exact same items of coverage and a second charge of $2 was made for the uninsured motorist coverage on the Chrysler sedan.

On April 30, 1966, the policy was changed and the 1959 Chevrolet was replaced by a 1962 Corvair. The coverage remained the same and there was no change in the premium of $2 on each; or a total charge of $4 was made for uninsured motorist coverage.

Under section 2, page 8, of the said policy, in the event of a disagreement as to the amount of money to be recovered by the insured for damages, the matter shall be settled by the process of arbitration and in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Accordingly, an agreement was made between plaintiff and defendant to have the case heard by an arbitrator, namely, William Friedman, Esq., whose office is located in the Frick Building, City of Pittsburgh, Pa.

William Friedman, Esq., arbitrator, heard evidence in the case in question for two days, and in September of 1969 entered an award in favor of plaintiff in the amount of $18,000. A copy of the award and the notice of award are attached to the motion to confirm the award of the arbitrator.

In addition, William Friedman, Esq., made an

award of administrative fees of the American Arbitration Association in the amount of $50, to be borne by defendant, Allstate Insurance Company.

A signed copy of each of the awards was delivered to attorneys for plaintiff and for defendant.

The award of the arbitrator having been rendered in accordance with the contract provisions, and the arbitration having been held by agreement of the parties and the parties having agreed to consider themselves bound by any award made by the arbitrator, this court confirmed the award of the arbitrator.

In determining whether this court should strike the judgment, it must determine whether a single insurance policy grants uninsured motorist coverage on two separate vehicles where two separate premiums have been paid.

The question before this court is one of first impression in this State. Neither this court nor able counsel have been able to point to a single case in this State that may assist this court in determining this question.

Section II of the policy is entitled "Protection Against Bodily Injury by Uninsured Automobiles" "Coverage S — Bodily Injury Benefit Insurance."

"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

"The said section also provides: Determination of legal liability and amount of damages.

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written

demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

"The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) to this Section II."

Since the policy provides "The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II," is not the award of the arbitrator binding upon Allstate? Courts should not be astute to evade the meaning of words manifestly intended by the parties. The language of a policy of insurance must, if possible, be construed in such manner as to give effect to the intention of the parties at the time it was made as expressed therein.

It must be borne in mind the purpose of uninsured motorist insurance is to provide compensation for personal injury to the innocent victim of the uninsured motorist. As to the named insured, the coverage is a contract benefit for which he has paid. Here, the damage to the insured has been determined and he now seeks indemnity for it. He is not seeking any windfall as a result of his injury but he is seeking full premiums. Applying traditional rules of construction, we think he is entitled to that coverage. Of the two constructions which could be placed on the limitation of coverage in this particular policy under these facts, this conclusion effectuates insurance as to each automobile mentioned in the policy and permits recovery rather than forfeiture of a benefit for which the insured has paid. Defendant seeks to avoid fully indemnifying its insured on what we believe to be an overly-strict construction of its policy in its favor. If

it were intended to restrict the limit of liability to $10,000 in one policy where more than one automobile is covered, this could have been very easily accomplished in plain unmistakable language. When we pay a double premium, we expect double coverage. This certainly is not unreasonable but to the contrary, is in accord with general principles of indemnity, that amounts of premiums are based on amounts of liability. Defendant argues that what plaintiff is seeking amounts to pyramiding coverage but nothing is said about pyramiding the premiums which effectuate the coverage.

We hold that plaintiff is entitled to recover the sum of $18,000 plus interest and costs. Accordingly, we will enter an order discharging the rule to show cause why the judgment should not be stricken.

## ORDER

And now, April 30, 1970, the rule granted on February 25, 1970, to show cause why the judgment should not be stricken is discharged.