Harker *v.* Pennsylvania Manufacturers' Association Insurance Company, Appellant.

Argued June 14, 1971. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Joseph V. Pinto*, with him *White and Williams*, for
appellant.

*S. Allen Needleman,* with him *Joel D. Caney,* and *Needleman, Needleman, Tabb and Eisman,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This is an appeal from the final judgment entered in the court below pursuant to an award of arbitrators in a case involving uninsured motorist coverage.

Appellee-wife was a passenger in her husband's automobile which was involved in an accident with an uninsured driver. The wife also owned an automobile in her own name, however, both cars were insured with appellant insurance company under one policy. This policy listed two cars insured, showing in separate blocks limitations of coverage on each car and showing separate premiums charges for each coverage on each car. The blocks under uninsured motorist coverage showed 10/20 for each car, designating a limit of $10,000 for each person injured and $20,000 for each accident.

Appellees brought an action against the insurance company for injuries received in the accident. Pursuant to the policy the dispute was submitted to common law arbitration. The accident, according to the arbitrator's award, was caused by the negligence of both the husband and the uninsured motorist, and an award was rendered for the wife against appellant for $20,000.

Appellant contends that the arbitrators did not have the power to decide that the limits of the insurance policy for one individual injured in an accident by the negligence of an uninsured motorist was $20,-000. However, it is well-settled law in Pennsylvania that "[c]ommon law arbitration may be reviewed only for fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award. Appellant [essentially] argues only that misconduct existed here. However, the only asserted misconduct is the alleged

failure of the arbitrator properly to apply the law with regard to uninsured motorist coverage. We have often stated that in common law arbitration such as this 'the arbitrators are the final judges of both the facts and the law and their decision will not be disturbed for a mistake of either'. The misconduct necessary to overturn an arbitrator's action is not a mere mistake of law, nor even several mistakes aggregated." *Great American Insurance Co. v. American Arbitration Association,* 436 Pa. 370, 372-373, 260 A. 2d 769, 770 (1970) (citations omitted).

Thus, in the instant case this Court will not decide whether the arbitrators were correct when they found that there was a policy limit of $20,000. Aggregating the coverage available for each car to find this policy limit is a colorable and reasonable interpretation of the contract, and in fact has been adopted by one lower court. *Flynn v. Allstate Insurance Co.,* 50 Pa. D. & C. 2d 195 (C. P. Alleg. 1970); Cf. *Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 241 A. 2d 112 (1968). We cannot say that there was fraud, misconduct, corruption or other such irregularity which caused the arbitrators to render an unjust, inequitable and unconscionable award.

Order affirmed.