## Allstate Insurance Company, Appellant, *v.* Blackwell.

402

Argued December 5, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. Arthur Hanamirian,* with him *McEldrew, Hanamirian, Quinn, Bradley & D'Amico,* for appellant.

*Bernard M. Gross,* with him *Gross & Sklar,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The issue presented on appeal is whether the court below erred in entering an order pursuant to an award of arbitrators in a case involving uninsured motorist coverage.

Our courts have held that in common law arbitration, the arbitrators are the final judges of both the facts and the law and that their decision will not be disturbed for a mistake of either. *Harker v. Pennsylvania Manufacturers' Association Insurance Co.,* 219 Pa. Superior Ct. 485, 281 A. 2d 741 (1971). In *Harker,* we re-emphasized the well-settled law in Pennsylvania

that "common law arbitration may be reviewed only for fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award." at p. 487. See also, *Great American Insurance Co. v. American Arbitration Association*, 436 Pa. 370, 372, 260 A. 2d 769 (1970). As no "fraud, misconduct, corruption or other such irregularity" is alleged nor appears of record, we should not endeavor to substantiate the propriety of the arbitrators' conclusions of fact and law in the instant case.

Order affirmed.