American Arbitration Association Award.
Providence Washington Insurance Company
Appeal.

Argued September 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John J. McAuliffe, Jr.,* with him *Robert C. Steiger,* and *Harper, George, Buchanan & Driver,* for appellant.

*Marvin F. Galfand,* with him *Dragon, Verlin & Galfand,* for appellees.

OPINION BY JACOBS, J., November 16, 1973:

This is an appeal from an order of the lower court denying the appellant's petition to vacate and set aside a common law arbitration award and acceding to the appellees' petition for confirmation of the award and entry of judgment pursuant to it. We affirm.

Appellees, Florence and Raymond Acampora, were injured while riding in a vehicle owned by Vincent Acampora, their husband and father, with whom they resided. Appellant, Providence Washington Insurance Company, had issued a motor vehicle liability insurance policy to Vincent Acampora, covering the involved vehicle and another owned by him. The policy contained an uninsured motorist provision.

That provision obligated the appellant to pay to persons in the appellees' situation such sums, within limits, as they were entitled to recover from the uninsured motorist for their injuries. At the head of the provision was a box stating the limits of liability to be $10,000 each person and $20,000 each accident. Two $4 premiums were charged for this protection, and the section relegated disputes under it to common law arbitration.[1]

Appellant states that there were two pertinent conditions applicable to the uninsured motorist coverage. One condition is said to have read as follows: "The limit of liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as a result of any one accident and, subject to the

---

[1] As to the common law nature of the arbitration here involved, see *Johnson v. Harleysville Mutual Casualty Co.*, 212 Pa. Superior Ct. 89, 239 A.2d 828 (1968), *cert. denied*, 393 U.S. 1087 (1969), and *Smith v. Safeguard Mutual Insurance Co.*, 212 Pa. Superior Ct. 83, 239 A.2d 824 (1968).

above provision respecting each person, the limit of liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident." The other condition is said to have read: "The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the Medical Payments Coverage of the policy." Although the possibly incomplete policy contained in the official record does not include the conditions, we shall assume their presence for the sake of argument.[2]

A panel of common law arbitrators awarded appellees a total of $37,000 on the policy as a result of their injuries. The awards state that they are inclusive of medical payments. On this appeal from the lower court's order in support of the awards, appellant raises three contentions: (1) that a refusal of the lower court to permit oral argument in the present case constituted a denial of due process and/or a violation of Pa. R.C.P. No. 211;[3] (2) that the arbitrators, by apparently ag-

_____

[2] The conditions appear virtually verbatim on an alleged page of the policy in the printed record supplied by the appellant.

[3] Pa. R.C.P. No. 211 reads: "Any party or his attorney shall have the right to argue any motion and the court shall have the right to require oral argument. With the approval of the court oral argument may be dispensed with by agreement of the attorneys and the matter submitted to the court either on the papers filed of record, or on such briefs as may be filed by the parties. The person seeking the order applied for shall argue first, and he may also argue in reply, but such reply shall be limited to answering arguments advanced by the respondent. In matters where there may be more than one respondent, the order of argument by the respondents shall be as directed by the court."

gregating the dual uninsured motorist coverage and by including medical payments in the awards, exceeded their authority; and (3) that such conduct by the arbitrators was so irregular as to necessitate setting aside the awards. Appellant requests the convening of a new arbitration panel.

With respect to the refusal of the lower court to allow oral argument, it does not appear that the alleged deprivation of due process and/or violation of Pa. R.C.P. No. 211 was raised by the appellant until after the lower court had ruled against it on the merits; the first appearance of the contentions is in appellant's brief on appeal. Furthermore, appellant does not request this Court to order reargument of the case before the lower court. Under the circumstances, we are not willing to pass upon the issue.

With respect to the apparent aggregation of the uninsured motorist coverage and inclusion of medical payments in the awards, and the alleged exceeding of arbitration authority, we must recognize that "mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators." *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 115, 299 A.2d 585, 589 (1973).

" '[I]f the appeal is from a common law award, appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either.' " *Id.* at 114, 299 A.2d at 588, *quoting Harwitz v. Selas Corp.*, 406 Pa. 539, 542, 178 A.2d 617, 619 (1962) ; *see Great Am. Ins. Co. v. American Arbitration Ass'n*, 436

Pa. 370, 260 A.2d 769 (1970); *Keller v. Local 249, Teamsters*, 423 Pa. 353, 223 A.2d 724 (1966); *Allstate Ins. Co. v. Blackwell*, 223 Pa. Superior Ct. 401, 301 A.2d 890 (1973).

No hearing denial or fraud, misconduct, corruption or other irregularity of that nature has been clearly shown in the present case. The aggregation by an arbitrator of uninsured motorist coverage respecting two vehicles in a single policy was permitted by a common pleas court in *Flynn v. Allstate Insurance Co.*, 50 Pa. D. & C. 2d 195 (1970). And in *Harker v. Pennsylvania Manufacturers' Association Insurance Co.*, 219 Pa. Superior Ct. 485, 281 A.2d 741 (1971), this Court held that the aggregation by arbitrators of such coverage under a policy respecting two vehicles, one owned by a husband and one owned by his wife, where two premiums were paid and limits were stated for each vehicle, would not be set aside. The alleged condition in the present policy regarding the insurer's liability limits is not so clear in its application to aggregation of benefits, or its effect on legislative policy, as to admit of only one analysis in good faith. That the analysis by the arbitrators may have resulted in error is not decisive.

The case of *Nationwide Mutual Insurance Co. v. Ealy*, 221 Pa. Superior Ct. 138, 289 A.2d 113 (1972), decided several months prior to the present arbitration, is of little aid to the appellant. In that case, each of five policies issued by an insurer named one of the insured's five vehicles as the insured vehicle in the policy; each policy expressly excluded from uninsured motorist coverage the other vehicles owned by the insured. We held only that such an express exclusion against cumulating coverage was not precluded by the Pennsylvania statute. We did not there deal with an appeal from arbitration, or with other than an express

prohibition on aggregation. At most, the decision would lend some support to an argument that the arbitrators in the present case may have erred in determining legislative policy with regard to aggregation. But in the absence of a showing that they were aware of the holding and deliberately disregarded or rejected it,[4] no irregularity of the requisite type would be even arguably demonstrated. *See Novakovsky v. Hartford Accident & Indem. Co.*, 219 Pa. Superior Ct. 5, 280 A.2d 669, *allocatur refused*, 219 Pa. Superior Ct. xxxvi (1971).

Similarly, the arbitrators' decision to include medical payments in the awards, in spite of the alleged exclusionary condition, reflected a permissible determination as to the efficacy of such an exclusion in view of legislative policy considerations,[5] or as to their duties under a clause seeming to require an evaluation of an item in the process of excluding it, or both. The primary purpose of such an exclusionary condition is perhaps to prevent a double recovery, under two sections of the policy, for the same loss by the insured; there is no indication in the present case that any payment under the medical payments section of the policy has been made by the insurer.

Consequently, the order of the court below supporting the decision of the arbitrators must be affirmed. "By its disposition the lower court was not vouching for the wisdom of [the] award . . . ." *Allstate Ins. Co. v. Fioravanti*, supra at 115, 299 A.2d at 589.

Order affirmed.

---

[4] Appellees, in their brief on appeal, state that the case was not brought to the arbitrators' attention. Appellant, in its brief, makes no assertion that it was.

[5] *See* Annot., 24 A.L.R.3d 1353 (1969).