Fischer *v.* Borsher et ux., Appellants.

Submitted September 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John J. Pentz, Jr.,* and *Bensinger and Pentz,* for appellants.

No appearance entered nor brief submitted for appellee.

Opinion per Curiam, November 21, 1973:

The six Judges who heard this appeal being equally divided, the judgment is affirmed.

---

Opinion by Hoffman, J., In Support of Reversal:

This is an appeal from an order granting appellee's motion for summary judgment on the basis of a common law arbitration award. Appellant contends that the arbitrators exceeded their jurisdiction by awarding "extras".

The appellee is a contractor who was engaged by the appellant to remodel appellant's dwelling. After the work was completed, a dispute arose as to the amount due to the appellee. The appellee filed a claim and, pursuant to the terms of the contract, the dispute was submitted to arbitration. Appellee alleged a balance due of $5,700.00 for work performed under the contract. He also claimed that $4,890.00 was due for extra work and materials not provided for in the original drawings and specifications. The majority arbitrators awarded $9,140.59 to the appellee constituting full award for both claims minus appellant's counter-claim of $1,400.00. One arbitrator dissented, believing that the panel had no jurisdiction under the contract to make an award for the claimed extra material and work.

The settlement of disputes by voluntary submission to arbitration is favored in the law. For this reason, once parties have agreed to settle particular contractual disputes by arbitration, the action or award of the arbitrators is reviewable only for fraud, misconduct, corruption, or other such irregularity which caused the arbitrators to render an unjust, inequitable, and unconscionable award. *Harker v. Pennsylvania*

*Manufacturers Association Insurance Company,* 219 Pa. Superior Ct. 485, 281 A. 2d 741 (1971). However, "arbitration is a matter of contract . . . and whether a party to a contract is bound to arbitrate and what issues, if any, are to be arbitrated are matters for a court to determine from the provisions of the contract." *U. Steelworkers of America v. Westinghouse Electric Co.,* 413 Pa. 358, 196 A. 2d 857 (1964). Although "every reasonable intendment will be made in favor of agreements to arbitrate," *Scholler Bros. v. Otto A. C. Hagen Corp.,* 158 Pa. Superior Ct. 170, 44 A. 2d 321 (1945), such agreements are to be strictly construed and not be extended by implication. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 125, 204 A. 2d 926 (1964); *Chandley Bros. & Co. v. Cambridge Springs Borough,* 200 Pa. 230, 233 (1901). With these principles in mind, I do not believe that the agreement in the instant case encompassed the submission to arbitration of disputes concerning extra work, *not performed pursuant to written orders.*

The contract provided that the work was to be performed in accordance with detailed drawings and specifications incorporated into said agreement. The third clause of the agreement provided that: "No alterations or deviations shall be made in the performance of said work from that shown on said drawings and described in said specifications, except upon the written order of said Owner; . . ." The fourth clause of the agreement provided that in the event that the owner required additional work or deemed such work necessary, the owner would execute written work orders specifying in detail the additional work or material desired. It further provided: "When any material is furnished or work is done not shown on the said drawings or described in said specifications, pursuant to the requirements of the written order of the said Owner as set forth in this paragraph, the furnishing of said mate-

rials and the performance of said work shall be deemed to be done under and in performance of the terms of this contract. . . ." The arbitration clause provided that: "All questions that may arise *under this contract and in the performance of work thereunder,* shall be submitted to arbitration at the choice of either of parties hereto." (Emphasis added.)

Only those questions arising under the contract and in performance of the work thereunder were subject to resolution by arbitration. Additional work, not contained in the original specifications and drawings, was deemed to be under and in performance of the contract only when these were written orders. By so providing, it is apparent that the parties did not intend oral modifications of or additions to the originally contracted work to be subject to the provisions of the written agreement. The arbitrators did not, therefore, have jurisdiction to determine that appellant was liable for work not contained in the written agreement and not covered by the appellant's written work order.

The order of the court below should be modified by reducing the amount of the judgment by $4,890.00.

CERCONE and SPAETH, JJ., join in this opinion in support of reversal.