## Celina Mutual Insurance Company v. Knauff

*Candor, Youngman, Gibson & Gault,* for petitioner. *Allen E. Ertel,* contra.

WICKERSHAM, J., (Twelfth Judicial District, Specially Presiding), April 17, 1974.—Celina Mutual

Insurance Company seeks relief by declaratory judgment as to whether or not defendants may aggregate or pyramid their uninsured motorist coverages in a factual situation where the insurance company issued one policy to defendants covering three separate vehicles and assessing separate premiums for uninsured motorist coverage as to each vehicle.*

## BACKGROUND

On January 1, 1972, petitioner issued a family automobile policy to Shuman Knauff. The policy covers

---

* "Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding." Act of July 25, 1963, P. L. 305 (No. 161), sec. 1, as amended, 12 PS § 836.

"This history of declaratory judgment procedures in the courts has been chaotic and its availability from time to time an uncertainty. The present posture seems to be that such relief is considered an unusual and extraordinary remedy which cannot be used if *any other* remedy, statutory or non-statutory exists: [Friestad v. Travelers Indemnity Co.] 222 Pa. Superior Ct. 559. This approach appears to be contrary to the statute, and dissent to this position continues to grow: 435 Pa. 381": Handbook of Civil Practice in the State and Federal Courts of Pennsylvania, Meyer and Shapiro, pages 117-118.

three automobiles and premiums were paid for uninsured motorist coverage for all three automobiles. The coverage was $10,000 for each automobile.

Daryl Knauff, while operating one of the vehicles insured under the policy, was involved in an automobile accident on January 20, 1972, with an uninsured motorist. He has incurred medical expenses as a result of the accident in an amount in excess of $10,000.

Petitioner contends that the policy explicitly limits coverage to $10,000 per person per accident and that the insured cannot pyramid uninsured motorist coverage for each vehicle. The clause of the insurance policy it relies upon states:

"Part IV of the policy, entitled 'Protection against Uninsured Motorists', under coverage 'J', provides for 'Limits of Liability' as follows:

" '(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.' "

Defendants assert that that section of the policy is the limit of the uninsured motorist liability as to each coverage. Since three premiums were paid for uninsured motorist coverage, defendants are entitled to aggregate coverages.

The aggregating or pyramiding of uninsured motorist coverages has been permitted in cases that have gone through arbitration. However, on appeal the Superior Court has not decided whether the arbitration awards were correct, but whether appellants were denied a hearing, or there was fraud, misconduct, corruption or some other irregularity on the part of the arbitrators which caused them to render unjust, inequitable or unconscionable awards. Harker v. Pennsylvania Manufacturers' Association Insurance Company, 219 Pa. Superior Ct. 485 (1971); American Arbitration Association Award, 225 Pa. Superior Ct. 442 (1973).

In Nationwide Mutual Insurance Company v. Ealy, 221 Pa. Superior Ct. 138 (1972), a policy which expressly prohibited aggregating coverages was held not to be in violation of the uninsured motorist protection mandated by the Act of August 14, 1963, P. L. 909, sec. 1, as amended, 40 PS § 2000.

Some guidance has been provided by the Pennsylvania Supreme Court, which stated:

"We do not wish to imply that injured parties may be permitted to pyramid separate coverages so as to recover more than the actual loss. Such a ruling is not necessary to the decision of this case and we do not make it. We do hold, however, . . . that where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss": Harleysville Mutual Casualty Company v. Blumbling, 429 Pa. 389, 395, 396 (1968).

The only Pennsylvania case the court has been able to find which faced and ruled upon the issue of pyramiding this type of coverage is Flynn v. Allstate Insurance Company, 50 D. & C. 2d 195 (1970). The facts

in Flynn were similar to those in the instant case, and we agree with the holding of Judge Brosky where he stated, at pages 199-200 that:

"It must be borne in mind the purpose of uninsured motorist insurance is to provide compensation for personal injury to the innocent victim of the uninsured motorist. As to the named insured, the coverage is a contract benefit for which he has paid. Here, the damage to the insured has been determined and he now seeks indemnity for it. He is not seeking any windfall as a result of his injury but he is seeking full premiums. Applying traditional rules of construction, we think he is entitled to that coverage. Of the two constructions which could be placed on the limitation of coverage in this particular policy under these facts, this conclusion effectuates insurance as to each automobile mentioned in the policy and permits recovery rather than forfeiture of a benefit for which the insured has paid. Defendant seeks to avoid fully indemnifying its insured on what we believe to be an overly-strict construction of its policy in its favor. If it were intended to restrict the limit of liability to $10,000 in one policy where more than one automobile is covered, this could have been very easily accomplished in plain unmistakable language. When we pay a double premium, we expect double coverage. This certainly is not unreasonable but to the contrary, is in accord with general principles of indemnity, that amounts of premiums are based on amounts of liability. Defendant argues that what plaintiff is seeking amounts to pyramiding coverage but nothing is said about pyramiding the premiums which effectuate the coverage."

Other jurisdictions have faced this issue, and the Supreme Court of Minnesota in Van Tassel v. Horace Mann Insurance Company, 207 N. W. 2d 348, 351, 352 (Minn. 1973), based its decisions to allow pyramiding of coverages on the following grounds:

"It seems to us that, in spite of the attempt by the insurer to limit its liability to one policy or to the amount recoverable under one policy, the fact that the legislature required an uninsured-motorist provision in all policies, added to the fact that a premium has been collected on each of the policies involved, should result in the policyholder's receiving what he paid for on each policy, up to the full amount of his damages. It is true that such holding results in permissible recovery exceeding what he would have received if the uninsured motorist had been insured for the minimum amount required under our Safety Responsibility Act. But if the question must be resolved on the basis of who gets a windfall, it seems more just that the insured who has paid a premium should get all he has paid for rather than that the insurer should escape liability for that for which it collected a premium."

On the basis of the foregoing, we make the following

## ORDER

And now, April 17, 1974, we hold that defendants may aggregate their uninsured motorist coverages up to their individual limits not to exceed the amount of the actual loss.