## Providence-Washington Insurance Group v. Tobash, Admr.

*Steinberg & Girsh,* for plaintiff.

*Alex A. Disanti,* for defendants.

HIRSH, J., May 10, 1974.—On Feburary 17, 1973, decedent, Mark Tobash, was a passenger in an automobile owned by respondent, Ida R. Cox (Ida) and being operated by respondent James Cox (Cox) when said vehicle was involved in an accident with another automobile owned and operated by an uninsured motorist. At the time of the accident, an insurance policy together with a Family Protection Coverage Endorsement had been issued to Ida by petitioner, Providence-Washington Insurance Group (petitioner), to cover, inter alia, the aforesaid automobile. As a result of the injuries and death suffered, respondents, Edward Tobash (Tobash) and Cox, made claims against petitioner seeking to accumulate the coverage provided under the aforesaid endorsement. Arguing against accumulation of coverage, petitioner has filed a petition for declaratory judgment with this court under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, secs. 1-16, as amended, 12 PS §§831-846, and its supplementary provisions, Act of May 22, 1935, P. L. 228, secs. 1-7, as amended, 12 PS §§847-853, requesting construction of the terms of the aforesaid policy and endorsement, and resolution of the instant dispute.

Petitioner, by its petition, asks this court to construe paragraph 6 of the endorsement to determine the extent of its liability. In arguing that this court is not precluded from considering its petition, petitioner relies upon Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A. 2d 295 (1973), in which the Supreme Court of Pennsylvania stated that:

"If . . . there is another available remedy not statutorily created, whether such remedy is legal or equitable, *it is only one factor to be weighed by the*

*court in its discretionary determination of* whether a declaratory judgment would lie." (Italics supplied.)

Although Friestad illustrates this court's discretion in such matters, the case is factually inapposite to the present action. Pursuant to a dispute relating to the insurance carrier's duty to defend an indemnity action against the insured, the insured in Friestad filed a petition for declaratory judgment, asking that the lower court construe the policy of insurance to resolve the indemnity question. The lower court dismissed the petition on the ground that another available remedy existed, to wit: the insured could defend the indemnity action, and, thereafter, proceed against its carrier in assumpsit to recover damages and costs paid out in defending the action. In reversing the lower court, the Supreme Court concluded that the mere availability of the "general common law remedy" should not automatically debar a party from the privilege of a declaratory judgment.

Although Friestad is clearly distinguishable from the instant action, Mr. Chief Justice Jones, in his able opinion, quite fortunately discusses the case more closely attuned to the matter before this court. In Wirkman v. Wirkman, 392 Pa. 63, 139 A. 2d 658 (1958), the Supreme Court recanted the "optional remedy" view. Specifically, the parties in Wirkman determined that any dispute between them and emanating from their contract be settled by arbitration. The Supreme Court concluded that the grant of a declaratory judgment would thus circumvent the contractual agreement of the parties. The court stated at page 66:

"A declaratory judgment should not be granted where a more appropriate remedy is available. See Stofflet & Tillotson v. Chester Housing Authority, 346 Pa. 574, 31 A. 2d 274 (1943); Borchard, Declaratory Judgments 302 (2nd ed. 1941). This principle is par-

ticularly applicable when the parties to a contract agree upon a procedure for the settlement of disputes arising thereunder. Such a procedure having been deliberately chosen by the parties in preference to all others should be strictly and exhaustively pursued."

In the instant action, the parties expressly agreed to submit all disputes to the American Arbitration Association. The contract of insurance provided under conditions, paragraph 8, arbitration, that:

"If any person making claims hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

Viewing the arbitration provision in light of its manifest purpose, we believe the parties expressed their preference to have an arbitration panel and not a judge sitting in a court of law decide questions of accumulated coverage and limits of liability. Furthermore, the appellate decisions of Pennsylvania make it abundantly clear that all questions under uninsured motorist coverage are for arbitrators to decide and not for the courts: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108 (1973); Allstate Insurance Co. v.

Blackwell, 223 Pa. Superior Ct. 401 (1973); Harker v. Pennsylvania Manufacturers' Association Insurance Company, 219 Pa. Superior Ct. 485 (1971); Great American Insurance Company v. American Arbitration Association, 436 Pa. 370 (1970); Preferred Risk Mutual Insurance Company v. Martin, 436 Pa. 374 (1970); Allstate Insurance Company v. Taylor, 434 Pa. 21 (1969); Harleysville Mutual Insurance Company v. Medycki, 431 Pa. 67, 244 A. 2d 655 (1968); National Grange Mutual Insurance Company v. Kuhn, 428 Pa. 179 (1968). Since the parties have provided for arbitration rather than a judicial determination of their rights under their contract, this court does not feel disposed to grant petitioner's declaratory judgment, thereby circumventing the agreement of the parties and the obvious trend of the court decisions in this Commonwealth.

Accordingly, it is, therefore, ordered and decreed that plaintiff's petition for declaratory judgment is dismissed for lack of jurisdiction.