## Cohen v. Nationwide Insurance Co.

*Harris J. Sklar,* for plaintiff.
*Robert Ruzzi,* for defendant.

HIRSH, *J.*, October 30, 1974—On August 31, 1972, plaintiff was operating an automobile which was struck in the rear by an auto operated by an uninsured motorist. At the time of this accident, plaintiff was driving an automobile insured by defendant, Nationwide Insurance Company, who also provided for uninsured motorist coverage on three additional cars or a total of four cars on the same policy with plaintiff. The accident in question was caused solely by the negligence of an uninsured motorist. Plaintiff entered a claim for bodily injury against defendant pursuant to the uninsured motorist endorsement of his policy and, when a settlement could not be reached, a demand for arbitration was filed with the American Arbitration Association. Subsequently, a hearing was held before an American Arbitration Association panel on June 5, 1974, and an award was made in favor of plaintiff as claimant in the amount of $12,500. Contending that the award in favor of plaintiff was beyond the jurisdiction of the arbitrators, and the award was beyond its limit of liability pursuant to the policy of insurance in effect, defendant refused payment. The matter is presently before this court on plaintiff's petition for confirmation of the award of arbitrators and defendant's answer thereto.

The contract of insurance provided under Conditions part 8, Arbitration, that:

"If any person making claim hereunder and the Company do not agree that such person is legally

entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the Insured or the Company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the Insured and the Company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the Insured resides and in accordance with the usual rules governing procedure and admission of evidence in court of law, or, in the alternative, if both parties agree, by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by either method of arbitration may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

The parties, disagreeing to the extent of coverage, appropriately submitted the matter to the American Arbitration Association, who, in turn, rendered an award. The appellate decisions of Pennsylvania make it abundantly clear that all

questions under uninsured motorist insurance are for arbitrators to decide and not for the courts: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108 (1973); Hartford Insurance Group v. Kassler, 227 Pa. Superior Ct. 47 (1974); United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508 (1974); Allstate Insurance Company v. Blackwell, 223 Pa. Superior Ct. 401 (1973); Harker v. Pennsylvania Manufacturers Association Insurance Company, 219 Pa. Superior Ct. 485 (1971), Great American Insurance Company v. American Arbitration Association, 436 Pa. 370 (1970).

The rights available to defendant in a proceeding to vacate or modify a common-law award are extremely limited. The Supreme Court of Pennsylvania on numerous occasions has stated that such an award of arbitrators is conclusive and binding and cannot be attacked unless it can be shown by clear, precise and indubitable evidence that the parties were denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrators, which cause them to render an unjust, inequitable and unconscionable award. Unless the arbitrators are restricted by the submission, the arbitrators are the final judges of both law and fact and their award will not be disturbed for a mistake of either: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108 (1973); United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508 (1974).

Defendant contends that the arbitrators, contrary to the law of the Commonwealth, misinterpreted the case law on "stacking" and consequently rendered an award in excess of the liability limits of the policy. Further, defendant argues that the Court of Common Pleas has jurisdiction in this case

to rule on the validity of a provision in an uninsured motorist clause. A reading of the petition, answer and memoranda of law clearly indicates that this issue was submitted to the arbitrators for final determination. The Supreme Court of Pennsylvania reaffirmed the long-established principle that all questions arising under the Uninsured Motorist Coverage must be determined by arbitration: Allstate Insurance Company v. Fioravanti, 451 Pa. 108 (1973). The amount of insurance applicable and the interpretation and application of the policy language are matters which should be determined by arbitration. This was done in the present case and this court "should not endeavor to substantiate the propriety of the arbitrators' conclusions of fact and law in the instant case": Allstate v. Blackwell, 223 Pa. Superior Ct. 401, 403 (1973). Defendant had an opportunity to present the merits of his case at the arbitration hearing. The dispute as to the amount of insurance applicable was obviously covered under the policy and the parties proceeded to arbitration on those matters upon which they could not agree. The limits of liability and the right to "stack" policies were correctly and properly treated as matters arising from this contract. The dispute herein was properly submitted to the arbitrators and a proper award was rendered.

Accordingly, it is, therefore, ordered and decreed that the award of arbitrators in favor of Irving Cohen against Nationwide Insurance Company in the amount of $12,500 is confirmed, and the prothonotary is directed to enter judgment on said award in favor of Irving Cohen against Nationwide Insurance Company in the amount of $12,500.