## Levin et vir. *v.* Nationwide Insurance Company, Appellant.

Argued June 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward R. Paul,* with him *Robert E. Christiansen,* and *LaBrum & Doak,* for appellant.

*George J. O'Neill,* with him *B. Nathaniel Richter,* for appellees.

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the entry of judgment by the Court of Common Pleas of Philadelphia County, by the defendant-appellant, Nationwide Insurance Company, upon confirmation of an American Arbitration award of $20,000.00 in an uninsured motorist case.

On March 12, 1964, Ida Levin was injured in an automobile accident involving a Yellow Cab, in which she was a passenger, and an uninsured motorist. Bernard Levin, the injured party's husband, was insured by Nationwide Insurance Company at the time under a policy which provided uninsured motorist coverage.

The Levins instituted an action against Yellow Cab on April 17, 1964. Yellow Cab joined the uninsured motorist as an additional defendant on June 11, 1964. By agreement of counsel, the uninsured motorist was removed from the case against Yellow Cab, and after trial, a verdict was returned in favor of the Levins in the amount of $27,500.00.

The appellees then sought arbitration of their claim against their own insured, the appellant, Nationwide Insurance Company, under the uninsured motorist coverage. Nationwide claimed that an exclusion in the insurance contract negated any obligation to pay on their part since the Levins had recovered the sum of $27,500.00 in favor of the appellee against Yellow Cab.

The arbitrators entered an award of $10,000.00 in favor of Bernard Levin, the limits of the policy. Nationwide refused to pay that amount. The appellants then petitioned the court to confirm the award. The court below did so and this appeal followed.

In Common Law Arbitration the arbitrators are the final judges of both law and fact and their decision will not be disturbed for mistake of either. *Allstate Insurance Company v. Blackwell,* 223 Pa. Superior Ct. 401, 301 A. 2d 890 (1973). Common Law Arbitration may be reversed only upon a showing that the proceedings were tainted by fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award. *Harker v. Penna. Manufacturers' Association Insurance Company,* 219 Pa. Superior Ct. 485, 281 A. 2d 741 (1971).

Nationwide asserts that it was denied due process of law because the arbitrators gave the appellants $20,000.00 damages for the same injuries for which they had already received $27,500.00 from Yellow Cab since a policy exclusion allegedly required that credit be given to the insurer for any amount received from any other person and because no evidence of damages incurred by Bernard Levin was presented on his behalf at the hearing.

The matter regarding the effect of the exclusion clause in the policy was briefed and argued at the hearing before the arbitrators. They may have decided that the exclusion was repugnant to the statutes in effect at the time which regulated uninsured motorist provisions. In *Bankes v. State Farm Mutual Automobile Insurance Company,* 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970), it was held that the provisions of the Uninsured Motorist Act, Act of August 14, 1963, P.L. 909, must be liberally construed so as to protect innocent victims who are injured by irre-

sponsible drivers. In any event, the appellant has not shown any fraud, misconduct or corruption on the part of the board which would taint the award so that there is no reason to reverse the award for that reason.

The appellant cites *Smaligo v. Fireman's Fund Insurance Company*, 432 Pa. 133, 247 A. 2d 577 (1968), where the plaintiff petitioned the Court of Common Pleas to vacate the decision of the arbitrators because an offer by the plaintiffs of testimony as to the decedent's future earning power had been denied by the arbitrators who deemed it "unnecessary". The lower court vacated the arbitrator's decision and award on appeal. The Supreme Court upheld the action below for the reason that the failure to hear such testimony, when offered, resulted in a denial of a full and fair hearing.

In the instant case, the appellant never complained that it was deprived of a hearing prior to the award. The appellees were in the process of attempting to prove Bernard's case when Nationwide cut off the testimony. Nationwide was the party that sought to avoid an evidentiary hearing on Bernard's damages and is in no position now to complain about a failure to be heard.

Judgment affirmed.

HOFFMAN, J., concurs in the result.