## Lyons v. State Farm Mutual Insurance Company

*Martin A. Heckscher*, for petitioner.
*Richard C. Ferroni*, for Board of Arbitrators.

BONAVITACOLA, *J.*, December 13, 1974— After consideration of petitioner's petition to vacate award of the arbitrators and answer thereto and supporting briefs, the petition to vacate award of the arbitrators is denied, and judgment is entered in the award of the board of arbitrators as rendered by them on August 8, 1974, in favor of Irving Lyons and against State Farm Mutual Insurance Company.

## MEMORANDUM OPINION

Petitioner, State Farm Mutual Insurance Company has alleged an arbitration award resulted in "stacking" of uninsured motorist coverage under two automobile insurance policies.

Petitioner relies on Nationwide Mutual Insurance Company v. Ealy, 221 Pa. Superior Ct. 138 (1972), as authority that such "stacking" is impermissible. The respondent attempts to distinguish the Ealy case on its merits from the matter now before this court. However, for the reasons set forth below, this court finds it unnecessary to review this aspect of the case.

The Ealy case came before the court in the form of a *declaratory judgment* action *prior* to the matter being submitted to arbitration, and *prior* to the issuance of the arbitrators' award. This is not the *situation* now before this court.

This court is faced with a situation where petitioner had permitted the controversy to go to binding arbitration and an award has already been issued.

Paragraph 15 of the policy of insurance in question states, inter alia:

"Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to coverage U."

This is basically the situation the Superior Court dealt with in American Arbitration Asso. Award, Providence Wash. Ins. Co. Appeal [Acampora], 225 Pa. Superior Ct. 442 (1973).

In that case, although faced with an alleged "stacking" controversy and the Ealy case, the court refused to disturb the award of arbitrators on the ground that such award could be challenged only

on the basis of an averment of fraud, misconduct, corruption or some other irregularity of that nature. In the Acampora case, as in the case at bar, no such allegations were made.

Petitioner apparently permitted the entire controversy to be submitted to binding arbitration, and now seeks to have this court substitute its interpretation of the facts, or the law for that of the arbitrators. This the court cannot do.

As the Superior Court stated in the Acampora case page 446:

"[W]e must recognize that 'mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators.' "

This court, under the allegations of the instant petition, under the holding in the Acampora case and in the present posture of this case cannot do other than deny the petititon to vacate the award of the arbitrators and enter judgment on the award.

Accordingly, we enter the above order.