## Guerriero v. Potomac Insurance Co. (No. 2)

*Ambrose Campana*, for plaintiff.
*John Humphrey*, for defendant.

RAUP, J., March 10, 1975—Before the court is defendant's motion for partial judgment on the pleadings in which defendant requests that the court enter an order limiting the extent of its potential liability on an uninsured motorist coverage provision to $10,000 and to $500 on its medical payments coverage.

In an opinion and order in this case filed November 13, 1974, the defendant's preliminary objections were denied and the court held that the uninsured motorist provision of the policy was effective, notwithstanding the fact that plaintiff's decedent was operating an owned but unlisted automobile at the time of the accident giving rise to the cause of action.

Decedent's insurance policy listed two automobiles as covered therein—a 1963 Buick and a 1965 Mustang. He was operating his own 1959 Pontiac when the accident occurred. The decedent

had paid a premium of $4 each for the two listed cars for uninsured motorists coverage, and $13 and $5, respectively, for medical payments coverage with respect to each car. The stated limit of liability for "each person" for uninsured motorist coverage was $10,000 and for medical payments $500.

## UNINSURED MOTORIST CLAIM

Defendant contends that the following portion of the uninsured motorist provision limits its liability to $10,000 per person per accident; plaintiff contends that the limitation applies to each of the two coverages which were purchased, with a resulting total limitation of $20,000 per person per accident:

"Limits of Liability

"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as a result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

Two lower court opinions have construed the identical policy provision to permit the cumulation of uninsured motorist coverages requested by the plaintiff in this case: Celina Mutual Insurance Co. v. Knauff (Lyc. Co. 72-1898, April 18, 1974); Flynn v. Allstate Insurance, 50 D. & C. 2d 195 (Allegheny Co. 1970). The court in Flynn used the following language:

"Defendant seeks to avoid fully indemnifying its insured on what we believe to be an overly-strict construction of its policy in its favor. If it were intended to restrict the limit of liability to $10,000 in one policy where more than one automobile is covered, this could have been very easily accomplished in plain unmistakable language. When we pay a double premium, we expect double coverage. This certainly is not unreasonable but to the contrary, is in accord with general principles of indemnity, that amounts of premiums are based on amounts of liability. Defendant argues that what plaintiff is seeking amounts to pyramiding coverage but nothing is said about pyramiding the premiums which effectuate the coverage."

The Superior Court refused to permit cumulation of uninsured motorist coverage on five separate policies in its decision in Nationwide Mutual Ins. Co. v. Ealy, 221 Pa. Superior Ct. 138 (1972). However, in the Ealy case, the court found that each policy expressly excluded from uninsured motorist coverage the other vehicles owned by Ealy. The language of the policy in question was not quoted in the Ealy opinion. Defendant contends that the court can assume that the same policy provision was involved, but that we are unwilling to do.

The "stacking" of uninsured motorist coverage has been considered by the Superior Court in cases which have been appealed from arbitration. In these cases the Superior Court has refused to disturb the awards allowing cumulation on the rationale that arbitration awards cannot be challenged unless there was fraud, misconduct, corruption or some other irregularity on the part of the arbitrators: Harker v. P.M.A. Insurance Co., 219 Pa. Superior Ct. 485 (1971); American Arbitration Association Award, 225 Pa. Superior Ct. 442 (1973). In the Harker case, Judge Hoffman com-

mented on the arbitration award allowing cumulation:

"Aggregating the coverage available for each car to find this policy limit is a colorable and reasonable interpretation of the contract, and in fact has been adopted by one lower court. Flynn v. Allstate Insurance Co., 50 Pa. D. & C. 2d 195 (C. P. Alleg. 1970)."

The court accepts the reasoning of the courts in Celina Mutual Insurance Co. and Flynn cases, supra, in finding that the "limit of liability" provision does not expressly prohibit aggregating coverages. The insured having paid two premiums for uninsured motorist coverage, the limit of liability of defendant would be the aggregate of the coverage purchased by the two premiums, namely, $20,000 per person per accident.

## MEDICAL PAYMENTS COVERAGE

Defendant contends that the following policy language limits its potential liability for medical payments coverage to $500:

"The limit of liability for medical payments stated in the declaration as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or in behalf of each person who sustains bodily injury as a result of any one accident."

It would appear that there is no Pennsylvania case construing this policy provision. The courts of other states have addressed the issue, with some refusing to aggregate medical payments coverage. See Butler v. Lumbermen's Mutual Cas. Co., 339 N.Y. Supp. 2d 731 (1971); Nationwide Mut. Ins. Co. v. Bair, 257 S.C. 551, 186 S.E. 2d 410 (1972), and others permitting cumulation. See Va. Farm Bu. Mut. Ins. Co. v. Wolfe, 212 Va. 162, 183 S.E. 2d

145 (1971); Dyer v. Nationwide Mut. Fire Ins. Co., 276 So. 2d 6 (Fla. 1973).

The court notes initially that the language in question is, on its face, indistinguishable from the language in the uninsured motorist section of the policy which we have already concluded permits aggregation of coverages.

Defendants contends, however, that the fact that different premiums were charged for each coverage (the uninsured motorist coverage premiums were $4 each, whereas the medical payments premiums were $13 and $5, respectively, for the first and second vehicle) supports a contrary construction of this "limitation of liability" provision. Defendant's argument is that "the difference in premiums reflects the probability that a family owning only two automobiles would use those two automobiles more often than if they had only one automobile, but not necessarily twice as much. Increased overall mileage by an insured family would increase the chances of an accident and increase defendant's exposure to payment under the medical payments provision."

While this rationale is conceivable, it is not inevitable. An equally plausible explanation of the lower premium for the second medical payments coverage is that many medical payments claims will not exceed $500 and that, therefore, the second $500 coverage involves less risk to the company and hence less expense to the insured.

As was the case with the uninsured motorist provision, had defendant intended to prevent aggregation of coverages it could have done so in clear, express language. In the absence of such language we hold that cumulation of medical payments coverages is permitted by this policy.

## ORDER

And now, March 10, 1975, for the reasons set forth in the foregoing opinion, defendant's motion for partial judgment on the pleadings is denied.